Carl Eric MANTELL, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 86–4097
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1986.

---

Pete Magaro, San Antonio, Tex., for petitioner.

Edwin Meese, III, Dept. of Justice, Washington, D.C., Robert L. Bombough, Director, Office of Immigration & Lit. Civil Div., Madelyn E. Johnson, Allen W. Hausman, Asst. Dir., Jane A. Williams, Washington, D.C., for respondent.

David H. Lambert, Dist. Dir., I.N.S., New Orleans, La., Richard M. Casillas, Dist. Dir., U.S. I.N.S., San Antonio, Tex., other interested parties.

Before ALVIN B. RUBIN, REAVLEY and ROBERT MADDEN HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

In this appeal Carl Eric Mantell challenges the issuance of final orders of deportation entered by the Board of Immigration Appeals (the BIA). We affirm.

## I.

Mantell, a thirty-seven-year-old native and citizen of Great Britain, lawfully entered the United States for permanent residence in 1967 and for nineteen years has resided continuously in this country. On June 3, 1981 Mantell was convicted of possessing a usable quantity of marijuana in excess of four ounces in violation of Texas state law. Following his conviction, Mantell was served with an order to show cause charging that his narcotics violations made him deportable under 8 U.S.C. § 1251(a)(11).[1]

At the hearing Mantell conceded his deportability and requested a waiver of excludability as provided for in 8 U.S.C. § 1182(c). Pursuant to this statute, aliens admitted for permanent residence who have maintained a lawful unrelinquished domicile in the United States for seven consecutive years may, in the Attorney General's discretion, be permitted to continue residing in the United States notwithstanding their deportability under other sections of the United States Code.[2] In support of his petition for waiver, Mantell testified that he had been employed as a barber for six years, and had paid federal income taxes for the previous five years. He stated further that he was married to a United States citizen and paid child support to four children by three previous marriages to United States citizens. Mantell supplied no proof of his paternity or current marriage and produced no receipts which would prove that he had paid child support or federal taxes.

The immigration judge, noting that Mantell conceded the factual allegations in the show cause order, found him deportable as charged. Turning to Mantell's application for relief under 8 U.S.C. § 1182(c), the judge found that Mantell had not met his burden of establishing that he merited a favorable exercise of discretion. The thrust of the immigration judge's opinion is contained in the following passage:

---

1. 8 U.S.C. § 1251(a)(11) provides:

    "Any alien in the United States ... shall, upon the order of the Attorney General, be deported who ... has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana...."

2. Literally, the terms of 8 U.S.C. § 1182(c) do not apply. The statute provides:

    Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive

years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1)–(25), (30), and (31) of subsection (a) of this section. Nothing contained in the subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 1181(b) of this title.

*Matter of Silva,* 16 I & N 26 Dec. (BIA 1976) extended the literal scope of the statute to include all persons who (1) were lawfully admitted for permanent residence (2) have maintained a "lawful unrelinquished domicile" in the United States for seven consecutive years and (3) merit a favorable exercise of discretion.

[T]he immigration judge in adjudicating a Section 212(c) [8 U.S.C. § 1182(c)] waiver application "must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of Section 212(c) relief appears in the best interest of this country.... As the negative factors grow more serious, it becomes incumbent upon the applicant to introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities...."

The offense involved in the present case must be considered as a serious negative factor and as such may be overcome only by a showing of unusual or outstanding equities together with clear and convincing evidence of a full and complete rehabilitation.

Therefore, in determining whether Section 212(c) relief should be granted, one must consider first and foremost hardship to the respondent. In this case, [Mantell] failed to introduce any evidence indicating that his deportation to England would result in hardship to himself.

He has also failed to establish that deportation would result in hardship to members of his family. In this connection, he has also failed to establish the existence of familial ties with citizens of the United States. The only evidence of record are his own assertions concerning his marital status. He has completely failed to document his assertions by submitting not only marriage certificates but also documentary evidence of how and when such marriages terminated.

I also place special emphasis on the fact that [Mantell] considered his third relationship as a common-law marriage. There is no evidence concerning the circumstances surrounding the creation of this relationship, nor how, nor when, or under what circumstances this relationship was terminated. It is well known that common-law marriages are valid in the state of Texas. There is no evidence as to where this relationship took place, nor that such relationship is valid and recognized in the state in which it was created. Without this information, even if I were to assume that he had terminated his prior two marriages, I could not find that he has established he is legally married to a citizen of the United States. In addition, it is noted that he did not submit any evidence whatsoever concerning his alleged present spouse's citizenship. As stated before, the only evidence is his own assertion that she is a citizen of the United States. [Mantell] has also failed to submit documentary evidence to corroborate his testimony concerning the existence of four United States citizen children. Without this, I cannot find that he is the parent of the four children named in the application for a waiver of inadmissibility.

(Quoting *Matter of Silva*, 16 I & N Dec. 26 (BIA 1976)).

On May 21, 1984, Mantell filed a notice of appeal to the BIA stating that "[t]he Court abused its discretion in denying relief, and other reasons exist to granting relief [sic]." No brief was submitted to support the appeal. The BIA dismissed Mantell's appeal in an order dated August 7, 1985. The order reiterated that Mantell presented no corroborating documentation establishing his family ties with American citizens and that, given the seriousness of the narcotics conviction and the lengthy probation sentence, a waiver of excludability was properly denied.

On September 12, 1985, Mantell's newly retained counsel filed a "Motion to Reopen, Terminate Proceedings and Stay of Deportation" with the BIA. The bases for the motion to reopen included Mantell's pending application for naturalization and his previously unconsidered military service record. The motion also reiterated Mantell's claims of marriage to a United States citizen and of fathering four citizen children but supplied no corroborating documentation. This motion was amended on February 3, 1986, to include as additional bases for reopening the charge that the Immigration and Naturalization Service

(INS) withheld Mantell's military service record from the judge in violation of INS Operating Instruction 242.1(a)(19) (O.I. 242.1(a)(19)) and that his previous counsel was ineffective during the earlier deportation proceedings.

The BIA denied the motion to reopen, concluding that petitioner did not establish ineffective assistance of counsel. The BIA further resolved that termination of the deportation proceedings to allow Mantell to proceed to a final hearing on the pending petition for naturalization was not warranted, since the applicable regulation required the petitioner not only to have established *prima facie* eligibility for naturalization but also that he demonstrate "exceptionally appealing or humanitarian factors." Finding that the motion to reopen lacked supporting documentation illustrating the existence of such factors, the BIA refused to reopen the case.

Mantell's timely petition for review before this court challenges the BIA's August 7, 1985, order affirming the immigration law judge's denial of discretionary relief and the BIA's refusal to grant his motion to reopen.

## II.

The immigration judge's denial of discretionary relief, based on the complete absence of corroborative evidence establishing any equities in Mantell's favor, is clearly not reversible by this court. We will not review decisions turning purely on the immigration judge's assessment of the alien petitioner's credibility. *Vasquez-Mondragon v. INS*, 560 F.2d 1225, 1226 (5th Cir. 1977). Turning to Mantell's claim that he is entitled to a new hearing, we find it to be, likewise, without merit.

Mantell's motion to reopen rested on four grounds: (1) his counsel's ineffectiveness in failing to produce evidence of Mantell's family ties to United States citizens, (2) his counsel's ineffectiveness in failing to inform the immigration judge of Mantell's prior military service, (3) his counsel's ineffectiveness in failing both to file an application for naturalization and to move for termination of deportation during pendency of the application, and (4) the INS' violation of its operating procedures in failing to inform the judge of Mantell's military service and in failing to inform Mantell that his military service made him eligible to be naturalized. We shall discuss each in turn.

### A. Ineffective Assistance of Counsel

■ Mantell has no right to "effective assistance of counsel" as such. The sixth amendment right to counsel, from which flows the right to "effective" counsel, is limited to criminal prosecutions and thus has no application in deportation proceedings. *Paul v. INS*, 521 F.2d 194, 197 (5th Cir.1975); *Barthold v. INS*, 517 F.2d 689 (5th Cir.1975). Several circuits have found, however, that there may be circumstances so egregious and the representation so "deficient," "inadequate," and "incompetent" as to become "no representation of counsel." *United States ex rel. O'Brien v. Maroney*, 423 F.2d 865, 870 (3d Cir.1970); *see also LeBlanc v. INS*, 715 F.2d 685, 693–94 (1st Cir.1983); *Thorsteinsson v. INS*, 724 F.2d 1365, 1368 (9th Cir.), *cert. denied*, 467 U.S. 1205, 104 S.Ct. 2386, 81 L.Ed.2d 345 (1984).

While this circuit has suggested that there may be a right to meaningful assistance of counsel grounded in the fifth amendment guarantee of due process, *Paul v. INS*, 521 F.2d at 197 (quoting *Barthold v. INS*, 517 F.2d at 690), we have created no rule of law to this effect. We find, moreover, that this case does not require us to explore this avenue of appeal for even if such a right exists, Mantell has failed to establish a denial of due process.

■ In *Paul v. INS*, 521 F.2d at 199, we held that "[a] claim of the denial of due process because of ineffective assistance of counsel must allege sufficient facts to allow this court to infer that competent counsel would have acted otherwise." With respect to his claim that he was denied due process by his attorney's failure to substantiate his family ties to United States citizens, we find that Mantell has made no such showing. Mantell has made no at-

tempt to supplement the record with documentation of his marriage and paternity. In fact, he has not even so much as alleged that he has access to such evidence. Because we are unable to determine whether counsel's failure to supply the missing documentation was the result of attorney error or the non-existence of any such documentation, we must affirm the BIA on this ground.

■ In contrast to Mantell's assertions that he is the spouse and father of citizens of the United States, his claim of having rendered two years of military service in Vietnam was substantiated by documentation submitted to the BIA with his motion to reopen. Mantell's constitutional claim arising from his counsel's failure to present this evidence to the immigration judge nevertheless must fail because, in consideration of his motion to reopen, the BIA balanced the equities of Mantell's military service against the seriousness of his narcotics violation and determined that he had not "offered evidence which would tend to show the existence of exceptionally appealing or humanitarian factors" justifying favorable treatment of his motion.[3] Thus, notwithstanding counsel's neglect in alerting the immigration judge of Mantell's prior military service, Mantell received a decision on the merits of his claim from the BIA and was not prejudiced by his counsel's oversight.[4] *Cf. Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (showing of prejudice necessary to establish violation of sixth

amendment right to effective assistance of counsel).

Mantell's claim that the incompetence of his counsel prevented the immigration judge from considering a motion to terminate deportation proceedings during the pendency of his application for naturalization falls victim to the same rationale. The BIA considered the merits of his request to terminate deportation proceedings and found that termination was not warranted. There having been no prejudice to Mantell's substantive rights, the neglect of his counsel does not entitle him to relief from this court. *Id.*

B. The INS Operating Instructions

■ INS Operating Instruction 242.-1(a)(19) provides that

A former member of the Armed Forces of the United States shall be advised, prior to the issuance of an Order to Show Cause, of any discretionary relief which may be available, and if applicable, the provisions of the section paragraph of O.I. 242.7(b)(I).

Mantell urges that the INS' failure (1) to inform the judge that Mantell's military service should be weighted in his favor and (2) to inform Mantell of his right to apply for naturalization and terminate deportation proceedings entitles him to a new hearing.

We have already determined that the BIA's ruling on Mantell's motion to reopen (which gave full consideration to his military service) constitutes a finding on the merits of his requests for section 1182(c) relief and for termination of deportation

---

3. This finding by the BIA was made in connection with Mantell's claim that his attorney's incompetence had denied him an opportunity to apply for naturalization and to terminate deportation proceedings. In order to have obtained a termination of deportation proceedings by the immigration judge Mantell would have had to demonstrate the existence of "exceptionally appealing or humanitarian factors." 8 C.F.R. § 242.7 (1986). This showing is identical to that held necessary for obtaining discretionary relief under 8 U.S.C. § 1182(c). In its August 7, 1985, order, the BIA held that Mantell, having committed a serious drug offense, "must demonstrate unusual or outstanding countervailing equities before a favorable exercise of discretion

will be considered." We find, therefore, that the BIA's finding that Mantell failed to demonstrate "exceptionally appealing or humanitarian factors" also constitutes a finding that he did not demonstrate "unusual or outstanding countervailing equities" necessary for obtaining section 1182(c) relief.

4. We note further that the BIA's finding that the equities in Mantell's favor were outweighed by his criminal conviction was a sound exercise of its discretion and, hence, cannot be overturned by this court on appeal. *See Foti v. INS,* 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 28 (1963); *Ramos v. INS,* 695 F.2d 181 (5th Cir.1983).

proceedings. The INS' omission, therefore, was without prejudice to Mantell's rights. This being the case, we need not consider the extent of the INS' duty to inform either the immigration judge or the deportable alien of factors relevant to the alien's claim for discretionary relief, nor need we inquire whether this duty was breached in the instant case.

The decision of the BIA is AFFIRMED.