976 F.2d 734
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Senel Herman TAYLOR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-4075.
 United States Court of Appeals, Sixth Circuit.
 Sept. 14, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner, Senel Herman Taylor, seeks review of a decision of the Board of Immigration Appeals ("Board") denying his application for relief from deportation under the Immigration and Nationality Act, § 212(c), 8 U.S.C. § 1182(c) (Supp.1990) [hereinafter Act]. For the reasons that follow, we deny the petition and affirm the Board's decision.
 
 
 2
 * Taylor, a thirty-year-old native and citizen of Jamaica, entered the United States as a lawful permanent resident on November 5, 1978. On August 20, 1987, he was convicted in the Court of Common Pleas in Cleveland, Ohio, for cocaine abuse and possession of criminal tools. He was sentenced to a one-year term of imprisonment on each count, to run concurrently.
 
 
 3
 On May 27, 1988, an Order to Show Cause ("OSC") was issued charging Taylor with deportability under the Act, § 241(a)(11), 8 U.S.C. § 1251(a)(11) (1988), based on the August 20, 1987, conviction for a violation of a law relating to a controlled substance. Taylor's deportation proceedings commenced on December 1, 1988, but were continued until February 9, 1989. At the resumed hearing, Taylor admitted the allegations of fact and conceded the charge of deportability contained in the OSC. He designated Jamaica as his native country for deportation purposes. The Immigration Judge ("IJ") continued the hearing in order for Taylor to submit an application for a waiver of deportability under section 212(c) of the Act.
 
 
 4
 Taylor's deportation proceedings resumed on June 13, 1989.[1] The IJ admitted the section 212(c) application into the record and received testimony in support of the application. Taylor testified that he entered the United States with an immigrant visa when he was seventeen years old. He admitted that he was arrested and convicted of drug abuse and possession of criminal tools on August 20, 1987. He testified that the criminal tools consisted of scales, cotton, scissors, a razor blade, and a gun. He was incarcerated at the Ohio Reformatory in Mansfield and served eight months before being released.
 
 
 5
 Taylor further testified that, upon his release from prison in 1988, he had trouble finding a good job. He enrolled in welding school for three months, but dropped out because his eyes bothered him. Since that job, Taylor stated that he has held several jobs, including one as a security guard, and was presently employed as a stock person in a variety store.
 
 
 6
 In support of Taylor's application, Avis Carr, Taylor's mother and a lawful permanent resident, testified that he was a good father to his three children,[2] all United States citizens, that he brought them to her house for visits, and that he bought things for them. She further stated that Taylor helped her with chores such as mowing the lawn, gardening, washing dishes, and painting. Taylor sometimes drove her home from work at night, because she does not drive.
 
 
 7
 A neighbor of Taylor's mother, Shirley Sullivan, testified that she has known Taylor for ten or eleven years, and she considers him to be an honest and caring person. She stated that Taylor mowed her lawn and picked up groceries for her at the store when her husband became disabled, and Taylor would occasionally take the neighborhood children to McDonald's.
 
 
 8
 Jacqueline Turner, the mother of Taylor's six-year-old son, testified that Taylor had lived with her and their son for the two months prior to the deportation hearings. She stated that she has received public assistance since the birth of her son in 1985, but that Taylor contributes to expenses.
 
 
 9
 After hearing the above testimony, the IJ issued an oral opinion denying Taylor's request for section 212(c) relief and ordering that he be deported from the United States to Jamaica on the charge contained in the OSC. Upon appeal of the IJ's decision, the Board affirmed the denial of section 212(c) relief. Taylor now brings the instant petition for review of the Board's decision.
 
 II
 
 10
 Taylor argues that the Board abused its discretion in denying his application for relief under section 212(c).[3] Denials of discretionary relief from deportation orders are reviewed under the abuse-of-discretion standard. See Foti v. INS, 375 U.S. 217, 228 (1963). In explaining the abuse-of-discretion standard in a case decided under section 244(a) of the Act, this court stated that, "[i]n determining whether the Board abused its discretion, this Court must decide whether the denial of Petitioner's motion to reopen deportation proceedings was made without a rational explanation, inexplicably departed from established policies, or rested upon an impermissible basis such as invidious discrimination against a particular race or group." Balani v. INS, 669 F.2d 1157, 1161 (6th Cir.1982) (per curiam). As the Supreme Court recently explained, "[i]n this government of separated powers, it is not for the judiciary to usurp Congress' grant of authority to the Attorney General by applying what approximates de novo appellate review." INS v. Rios-Pineda, 471 U.S. 444, 452 (1985).
 
 
 11
 In adjudicating a section 212(c) waiver application, the IJ must balance the adverse factors evidencing an alien's undesirability as a permanent resident against the social and humane considerations presented on his behalf to determine whether the granting of section 212(c) relief appears to be in the best interests of the United States. In re Marin, 16 I. & N. Dec. 581, 584 (BIA 1978). The Board first considered the negative factor of Taylor's criminal conviction:
 
 
 12
 In regard to the exercise of discretion, we consider that on August 20, 1987, the respondent was convicted for drug abuse and possession of criminal tools. While we consider these crimes to be negative factors against the respondent, we find that they are not so serious as to necessitate that the respondent demonstrate unusual or outstanding equities to warrant a grant of section 212(c) relief.
 
 
 13
 J.A. at 6. In reviewing the favorable equities as found by the IJ, the Board made the following observations:
 
 
 14
 Although the respondent has resided in the United States for 12 years and has extensive family ties in this country, we find that these equities do not outweigh the adverse factors of his convictions for drug abuse and possession of criminal tools. With regard to his 12 years of residence, we note that the respondent did not come to this country at a particularly young age and that he received most of his education in Jamaica. Furthermore, we agree with the immigration judge that any hardship to the respondent's family caused by his deportation would be largely emotional. Although the respondent has three United States citizen children in this country, the mother of his son, with whom the respondent now lives, has received public assistance since the time of her son's birth in 1985. The record contains no evidence that the respondent supports his two other children. Although the respondent helps his mother with chores, the respondent's three grown sisters, who range in age from 24 to 37 years, also reside with his mother, and the record does not disclose any reason why they cannot assist her in running her household. We note that the respondent has a brother in Jamaica, and that another brother was ordered deported to Jamaica by an immigration judge on the same date as the respondent. Therefore, the respondent is not without family in Jamaica. The respondent has an unstable employment history. Prior to his incarceration, the respondent worked as a machine operator for 2 years and then worked as a locker room attendant for a golf club for 8 months. However, from January 1983 to April 1989, the respondent reported that he was self-employed in the business of painting and home repairs. The respondent has produced no evidence reflecting his income level or the extent to which he maintained employment during this long period of time. The respondent has no business or property ties in this country and has never served in the armed forces.
 
 
 15
 Id. at 7-8. The Board's opinion reveals that it carefully considered the factors for and against Taylor's continued residence in the United States. Under our very limited standard of review, we have no basis upon which to find that the Board in any way abused its discretion.
 
 III
 
 16
 For the foregoing reasons, Taylor's petition for review is DENIED, and the Board's order is AFFIRMED.
 
 
 
 [1]
 That proceeding was consolidated; the IJ also considered an application for section 212(c) relief submitted by petitioner's brother, Derrick Taylor. Derrick Taylor's application was subsequently denied, and no petition for review has been filed on his behalf
 
 
 [2]
 Taylor has a six-year-old son, a six-year-old daughter, and a two-year-old daughter
 
 
 [3]
 Although 212(c) of the Act, on its face, would not apply in deportation proceedings, both the courts and the Board have expansively interpreted it, so that it is now applicable in such proceedings. See, e.g., Mantell v. INS, 798 F.2d 124, 125 & n. 2 (5th Cir.1986)