United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 1, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60253
Summary Calendar

JULIO CARPIO-LINGAN

                    Petitioner

     v.

JOHN ASHCROFT, US ATTORNEY GENERAL

                    Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 820 903
--------------------

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:[*]

     Julio Rodolfo Carpio-Lingan has petitioned for review of the
Board of Immigration Appeals ("BIA") order dismissing his appeal
from the decision of the Immigration Judge ("IJ") denying his
asylum application.  The BIA's factual finding that an alien is
not eligible for asylum will be upheld if it is supported by
substantial evidence.  Gomez-Mejia v. INS, 56 F.3d 700, 702 (5th
Cir. 1995).  The substantial-evidence standard requires only that
the BIA's conclusion be based on the evidence presented and that

------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the decision is substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). This court only reviews decisions made by the BIA. Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002). Because the BIA adopted the findings and conclusions of the IJ that Carpio had failed to show that he is a refugee, this court can also review the IJ's findings and conclusions. Id.

"A grant of asylum may be based on past persecution or on a well-founded fear of persecution in the country of origin on account of race, religion, nationality, membership in a particular social group, or political opinion." Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444–45 (5th Cir. 2001). "To show a well-founded fear of persecution, an alien must have a subjective fear of persecution, and that fear must be objectively reasonable." Id. at 445. The petitioner has the burden to "'show that the evidence he presented [is] so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994).

Carpio contends that he has shown a well-founded fear of persecution based upon his membership in a social group consisting of former police officers. Carpio's status as a former policeman is an immutable characteristic which is beyond his capacity to change. See Matter of Fuentes, 19 I&N Dec. 658, 662 (BIA 1988), 1998 WL 235456. "It is possible that mistreatment occurring because of such a status in appropriate

circumstances could be found to be persecution on account of political opinion or membership in a particular social group." Id.

Carpio contends that he provided evidence that the Shining Path had assassinated persons associated with or a part of the state, such as policemen. He states that he sought to provide proof that the Shining Path had bombed his business and killed his cousin. There are several reasons why Carpio's argument is without merit.

The only issue before the court is whether the denial of the asylum application was supported by substantial evidence based on the evidence presented at the time of the BIA decision. See Carbajal-Gonzalez, 78 F.3d at 197. At that time, the record reflected that the evidence showing that Carpio's business had been bombed and his cousin killed was fabricated. Based on Carpio's demeanor and his fabrication of evidence, the IJ determined that Carpio was not credible. Although Carpio's explanation in his motion to reopen the deportation proceedings for stating that the documents were fabricated is plausible, the fact that Carpio's story had changed yet again, if considered, would provide an additional reason for concluding that Carpio was not credible. Contrary to Carpio's argument, the BIA did not state in denying the motion to reopen that it had accepted Carpio's explanation for his untruthful testimony regarding the fabrication of the evidence.

The IJ's finding as to credibility is entitled to "great deference." Efe, 293 F.3d at 905. This court "will not review decisions turning purely on the immigration judge's assessment of the alien petitioner's credibility." Mantell v. USDOJ, INS, 798 F.2d 124, 127 (5th Cir. 1986). Because Carpio was not credible, he cannot show that the evidence he presented regarding his subjective fear of persecution is "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Jukic, 40 F.3d at 749. The petition for review of the BIA's decision denying Carpio's asylum application is denied.

PETITION DENIED.