United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-61168

Summary Calendar

_____

JOSE BERZOSA-FLORES

        Petitioner

    v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

        Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
No. A77 739 864

_____

Before KING, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

    Petitioner Jose Berzosa-Flores ("Berzosa") petitions the

court for review of a final order of the Board of Immigration

Appeals ("BIA") denying his motion to reopen his removal

proceedings to present new evidence in support of his application

_____

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

-1-

for cancellation of removal and to assert a due process challenge to his initial hearing before the immigration judge for ineffective assistance of counsel. In addition to filing a brief on the merits, the Attorney General submitted a motion to strike new evidence submitted with Berzosa's brief, which has been carried with the instant appeal. For the following reasons, we GRANT the Attorney General's motion to strike the new evidence submitted with Berzosa's brief and DISMISS Berzosa's petition for review for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Berzosa, a native and citizen of Mexico, illegally entered El Paso, Texas without being admitted or paroled on or about October 28, 1989. The Immigration and Naturalization Service ("INS")[1] initiated removal proceedings against Berzosa by filing a Notice To Appear ("NTA") in the El Paso Immigration Court on October 19, 2000. The NTA charged Berzosa with removability as an alien present in the United States without being admitted or paroled under the Immigration and Nationality Act ("INA")

---

[1] As of March 1, 2003, the INS's administrative, service, and enforcement functions were transferred from the Department of Justice to the new Department of Homeland Security. See Homeland Security Act of 2002, Pub. L. No. 107-296, §§ 441, 451, 471, 116 Stat. 2135 (2002). The Bureau of Immigration and Customs Enforcement in the Department of Homeland Security assumed the INS's detention, removal, enforcement, and investigative functions. See Peters v. Ashcroft, 383 F.3d 302, 304 n.1 (5th Cir. 2004). Because the events in this case began before the reorganization, we will continue to refer to the INS in this opinion to avoid confusion.

§ 212(a)(6)(A)(i).  8 U.S.C. § 1182(a)(6)(A)(i) (2000).  On February 13, 2001, Berzosa appeared before the Immigration Judge ("IJ") with Marcela Garcia Moreno, an accredited representative from the United Neighborhood Organization but not a licensed attorney.  At the hearing, Berzosa admitted the factual allegations contained in his NTA and conceded removability on those grounds.  He sought a cancellation of removal under INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1),[2] or, in the alternative, voluntary departure.

Following a hearing on the merits on December 13, 2002, the IJ issued a written decision denying Berzosa's application for cancellation of removal but granting his request for voluntary

---

[2] Section 1229b(b)(1) provides:

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien--
> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
> (B) has been a person of good moral character during such period;
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title (except in a case described in section 1227(a)(7) of this title where the Attorney General exercises discretion to grant a waiver); and
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

departure.  Specifically, the IJ found that the inconsistencies in Berzosa's testimony failed to establish the necessary continuous physical presence under § 1229b(b)(1)(A).[3]  Moreover, the IJ held that the medical condition of Berzosa's twin daughters, Joanna and Jacqueline, who are both United States citizens, did not rise to the level of "exceptional and extremely unusual hardship" necessary to garner relief under § 1229b(b)(1)(D).  On January 14, 2003, Berzosa appealed the IJ's decision to the BIA.

The BIA dismissed the appeal on May 3, 2004, expressly affirming and adopting the IJ's determination that Berzosa failed to meet the statutory requirements for cancellation of removal, specifically the physical presence and hardship requirements under § 1229b(b)(1).  On June 30, 2004, Berzosa filed a motion to reopen his removal proceedings with the BIA to consider new evidence in support of his original application for cancellation of removal.  He also asserted that his due process rights were violated on account of ineffective assistance of counsel at the

---

[3]     The IJ found the discrepancy between Berzosa's live testimony and the documentary evidence submitted to the court concerning the school enrollment of one of his non-citizen daughters, Blanca, to be particularly damaging to Berzosa's credibility.  Although Berzosa maintained that he had been continually present in the United States beginning in 1989, the enrollment and medical records indicated that Blanca had not transferred to a school in the United States until December 12, 1991.  If Berzosa did not arrive in the United States until 1991, he would not meet the requisite ten-year period of continuous presence under § 1229b(b)(1)(A).

-4-

first hearing.  The BIA denied Berzosa's motion to reopen on November 30, 2004, finding (1) that the newly submitted evidence was not previously unavailable as required by 8 C.F.R. § 1003.2(c);[4] (2) that Berzosa failed to comply with the requirements of Matter of Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988) in presenting his ineffective assistance of counsel claim by failing to submit evidence that he had filed a bar complaint against his prior counsel; and (3) that Berzosa had failed to prove any prejudice resulting from his former counsel's performance.  On December 27, 2004, Berzosa filed a timely petition for review in this court.

## II.  DISCUSSION

### A.  Motion to Strike New Evidence

Ordinarily, this court examines a claim of ineffective assistance of counsel as a basis to support a motion to reopen under Matter of Lozada, 19 I & N Dec. 637, 639 (B.I.A. 1988), aff'd, 857 F.2d 10 (1st Cir. 1988).  In Goonsuwan v. Ashcroft, 252 F.3d 383, 389 (5th Cir. 2001), we stated that a petitioner, who is seeking to reopen or reconsider his removal proceedings to raise a claim of ineffective assistance of counsel, must provide:

> 1) an affidavit by the alien setting forth the relevant facts, including the agreement with counsel regarding the

---

[4]     The BIA cannot grant a motion to reopen proceedings unless it finds the additional evidence presented "is material and was not available and could not have been discovered or presented at the former hearing."  8 C.F.R. § 1003.2(c)(1).

-5-

alien's representation; 2) evidence that counsel was
informed of the allegations and allowed to respond,
including any response; and 3) an indication that,
assuming that a violation of "ethical or legal
responsibilities" was claimed, a complaint has been
lodged with the relevant disciplinary authorities, or an
adequate explanation for the failure to file such a
complaint.

Id. The parties do not dispute, and the record demonstrates,
that Berzosa's motion to reopen met the first and second prongs
of the Lozada inquiry. With respect to the third prong, however,
the BIA determined that the record did not contain evidence that
a complaint had been lodged with the relevant disciplinary
authorities, and Berzosa failed to provide a sufficient
explanation for his failure to do so. Indeed, our review of the
record confirms that Berzosa's first effort to meet the third
prong of Lozada did not occur until he filed the instant appeal
and attached a letter of complaint to the Executive Office for
Immigration Review ("EOIR") dated June 24, 2002 stating his
grievance about Moreno's representation.

On May 20, 2005, the Attorney General filed a motion to
strike the new evidence submitted with Berzosa's brief to this
court.[5] More specifically, Berzosa's brief attached two
additional pieces of evidence not found within the administrative
record: (1) the letter of complaint dated June 24, 2004 from

---

[5]     On May 31, 2005, this court ordered that the motion be
carried with the instant appeal. Berzosa-Flores v. Gonzales, No.
No. 04-61168 (5th Cir. May 31, 2005) (unpublished order).
Berzosa did not file a response to this motion or provide any
justification for including the new evidence in his brief.

Berzosa to the EOIR concerning Moreno's allegedly deficient representation in his case; and (2) school records of Joanna and Jacqueline discussing their special education needs.

The Attorney General correctly noted that additional evidence outside of the administrative record cannot be considered in this appeal.  See 8 U.S.C. § 1252(b)(4)(A) (providing that on review of orders of removal "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based") (emphasis added); Goonsuwan, 252 F.3d at 390 n.15 ("It is a bedrock principle of judicial review that a court reviewing an agency decision should not go outside of the administrative record.").  Accordingly, we grant the motion and confine our review to the administrative record.

**B.    Jurisdiction Under 8 U.S.C. § 1252(a)(2)(B)(i)**

As a preliminary matter, the Attorney General contends that this court lacks jurisdiction to review the BIA's denial of Berzosa's motion to reopen under 8 U.S.C. § 1252(a)(2)(B)(i), which bars judicial review of "any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title."[6]  Because Berzosa attempted to reopen his

---

[6]    Aside from a brief jurisdictional statement at the beginning of his brief, Berzosa does not address the initial question of this court's jurisdiction to hear the appeal.  Before reaching the merits of his claim that he was deprived of due process as a result of ineffective assistance of counsel, we must first determine whether jurisdiction lies in this case.  See

removal proceedings to challenge the IJ's determination that he was not eligible for the discretionary relief under § 1229b(b)(1), the jurisdictional bar of § 1252(a)(2)(B)(i) applies.  See Rueda v. Ashcroft, 380 F.3d 381, 381 (5th Cir. 2004) (dismissing petition for review of hardship determination under § 1229(b)(1)(D) for lack of jurisdiction).  Even though Berzosa raises his challenge through a motion to reopen his proceedings rather than a direct challenge to the BIA's affirmance of the IJ's merits determination, this circuit has held that the jurisdiction-stripping provisions of § 1252(a)(2) apply with equal force in this context.  Assaad v. Ashcroft, 378 F.3d 471, 474 (5th Cir. 2004) ("[J]ust as our power to review a final order is circumscribed by § 1252(a)(2)'s various jurisdiction-stripping provisions, our 'jurisdiction to entertain an attack on that order mounted through filing of a motion to reopen' is equally curtailed.") (quoting Patel v. United States, 334 F.3d 1259, 1262 (11th Cir. 2003)).  Accordingly, we agree with the Attorney General that Berzosa cannot "manufacture jurisdiction simply by petitioning this court to review the BIA's denial of his motion to reopen."  Id. at 475.

Although the holding in Rueda clearly precludes review of a discretionary hardship determination under § 1229b(b)(1)(D),

Nguyen v. Bureau of Immigration and Customs Enforcement, 400 F.3d 255, 260 (5th Cir. 2005) (noting that "the question of a federal court's subject matter jurisdiction may be properly raised at any stage in litigation, including for the first time on appeal").

-8-

Berzosa also challenges the IJ's finding that he failed to meet the physical presence requirement under § 1229b(b)(1)(A). This circuit has not extended the reach of § 1252(a)(2)(B)'s jurisdictional bar to the determination of whether a petitioner has been continually present for a period of not less than ten years. See Garcia-Melendez v. Ashcroft, 351 F.3d 657, 661 (5th Cir. 2003) (describing the continuous physical presence requirement as "a factual determination which is subject to appellate review"); Gonzalez-Torres v. I.N.S, 213 F.3d 899, 901 (5th Cir. 2000). We review the IJ's factual conclusion on the issue of whether Berzosa established ten years of continuous presence for substantial evidence. Garcia-Melendez, 351 F.3d at 661. Because all four requirements of § 1229b(b)(1) must be satisfied for cancellation of removal, however, our lack of jurisdiction to review the IJ's determination on hardship is fatal to Berzosa's claim. Therefore, it would be a hollow act for us to separately consider the IJ's finding on continuous presence.[7]

---

[7]     Although we need not reach the issue, we note that the IJ's determinations with respect to Berzosa's claims of continuous presence and "exceptional and extremely unusual hardship" were supported by substantial evidence. The record amply demonstrates the gaps in documentary proof and questionable credibility of Berzosa's statements during the hearing. We afford "great deference to an immigration judge's decisions concerning an alien's credibility." Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002) (citing Chun v. I.N.S., 40 F.3d 76, 78 (5th Cir. 1994)). Despite several opportunities to explain the discrepancies in his testimony, Berzosa failed to meet his burden of establishing continuous presence. This court has been

## C.    Ineffective Assistance of Counsel

Although this court lacks jurisdiction to review the BIA's affirmance of the IJ's holding with respect to discretionary relief under § 1229b(b)(1), we retain jurisdiction over "any substantial constitutional claims."  See Balogun v. Ashcroft, 270 F.3d 274, 278 n.11 (5th Cir. 2001).  As such, before we can dismiss this appeal for lack of jurisdiction, we must consider whether Berzosa's claim of ineffective assistance of counsel rises to the level of a "substantial constitutional violation."

This court has previously found that ineffective assistance of counsel "may implicate the Fifth Amendment's due process guarantee if the 'representation afforded [the alien] . . . was so deficient as to impinge upon the fundamental fairness of the hearing.'" Assaad, 378 F.3d at 475 (quoting Paul v. I.N.S., 521 F.2d 194, 198 (5th Cir. 1975)); Goonsuwan, 252 F.3d at 385 n.2 (noting that ineffective assistance of counsel offends due process when "as a result, the alien suffered substantial prejudice").  Berzosa contends that Moreno's representation was deficient in two respects, both of which are directly related to his application for cancellation of removal under § 1229b(b)(1). First, Berzosa claims that Moreno failed to adequately prepare and present his case to the IJ, especially with respect to her

---

"emphatically clear" that it "'will not review decisions turning purely on the immigration judge's assessment of the alien petitioner's credibility.'"  Chun, 40 F.3d at 78 (citing Mantell v. I.N.S., 798 F.2d 124, 127 (5th Cir. 1986)).

-10-

purported inability to establish Berzosa's physical presence requirement under § 1229b(b)(1)(A). Second, Berzosa claims that the ineffective assistance of Moreno impaired his ability to establish the "exceptional and extremely unusual" hardship to his citizen daughters that would be necessary to secure discretionary relief under § 1229b(b)(1)(D).

Because Berzosa's ineffective assistance of counsel claim cannot be disentangled from his effort to secure discretionary relief, we find no deprivation of a protected liberty interest that would give rise to a due process violation. Assaad, 378 F.3d at 475 (finding that a "motion to reopen does not allege a violation of [the petitioner's] Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest'") (quoting Mejia Rodriguez v. Reno, 178 F.3d 1139, 1146 (11th Cir. 1999)). Without question, the discretionary cancellation of removal under § 1229b is expressly subject to the § 1252(a)(2)(B)(i) jurisdictional bar. See Garcia-Melendez, 351 F.3d at 661. Therefore, Berzosa's effort to circumvent the jurisdictional defect in his petition for review through a motion to reopen for ineffective assistance of counsel is ultimately unavailing.

### III. CONCLUSION

For the foregoing reasons, we hereby GRANT the Attorney

General's motion to strike the new evidence submitted with Berzosa's brief and DISMISS Berzosa's petition for review for lack of jurisdiction.