United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60082
Summary Calendar

SARAH AKO MBO

Petitioner

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the Board of Immigration
Appeals
No. A97 185 281

Before KING, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Petitioner Sarah Ako Mbo challenges the decision of the
Board of Immigration Appeals adopting and affirming the
Immigration Judge's decision to deny her applications for asylum
and withholding of removal.  For the reasons stated below, we
AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sarah Ako Mbo ("Ako Mbo") is a citizen of Cameroon who entered the United States without inspection on March 11, 2002, using a fake passport and visa. The Immigration and Naturalization Service issued Ako Mbo a Notice to Appear on April 7, 2003, for violating the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i) (2000). She admitted the charges against her and requested relief in the form of (1) asylum under INA § 208, 8 U.S.C. § 1158; (2) withholding of removal under INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A); (3) withholding of removal under Article 3 of the United Nations Convention Against Torture; and (4) voluntary departure under INA § 240B, 8 U.S.C. § 1229c. She appeals the Board of Immigration ("BIA") decision summarily affirming the Immigration Judge's ("IJ") opinion denying her requests for relief.

At her hearing before the IJ, Ako Mbo testified that she fled to the United States because she suffered persecution in Cambodia due to her political beliefs and her affiliation with the Social Democratic Front and the Southern Cameroons National Council. Specifically, Ako Mbo said that she was arrested for her views and beaten while in custody on three separate occasions. She claimed that the first time, February 8, 1996, she was interrogated at the police station, beaten with an

electrical cord, and detained for three days. She was allegedly arrested for a second time on April 13, 1997, when police entered her home at 4:00 a.m. and took her to the police station where they interrogated and beat her so severely that she became ill. Ako Mbo claimed that she was detained for four days and was beaten each day. She claimed that she was arrested and beaten for a third time on January 19, 2000, in retaliation for her participation in a rally celebrating the independence of the Southern Cameroons. Ako Mbo also testified that on another occasion she was abducted by unknown assailants who allegedly beat and raped her and told her not to participate in an upcoming Southern Cameroon independence event.

The IJ found that Ako Mbo's testimony was not credible and that she had thus failed to present specific evidence establishing that she had been a victim of persecution on account of her race, religion, nationality, political opinion, or membership in a particular social group, or that she had a well-founded fear that she would likely suffer such persecution if she returned to Cameroon. Specifically, the IJ found that Ako Mbo's testimony was not credible due to her nervous demeanor on the witness stand and her inability to deviate from her prepared statement when asked to clarify parts of her story. The IJ further found numerous inconsistencies in Ako Mbo's story and discrepancies between her testimony and her prepared statement that Ako Mbo could not explain. The IJ also had reason to

-3-

believe that she had doctored some of the evidence that she used to support her testimony, including a photograph of her alleged captors. Based on these findings, the IJ denied Ako Mbo's requests for relief and held that her application for asylum was frivolous because it was supported by false testimony.

The BIA reviewed the IJ's decision denying Ako Mbo's requested relief and summarily affirmed it, adopting the fact finding and reasoning contained therein. Ako Mbo petitioned this court for review, challenging the IJ's finding that her testimony was not credible.

## II. DISCUSSION

### A. Standard of Review

We review the BIA's factual findings to determine if they are supported by substantial evidence. INS v. Elias-Zacharias, 502 U.S. 478, 481 (1992); Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). "Under substantial evidence review, we may not reverse the BIA's factual determinations unless we find not only that the evidence supports a contrary conclusion, but that the evidence compels it." Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). Thus, the petitioner must prove that the evidence she presented was so compelling that no reasonable factfinder could reach a different conclusion. INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled

-4-

to conclude to the contrary . . . ."); Elias-Zacharias, 502 U.S. at 483-84; Chun, 40 F.3d at 78.

"We have authority to review only an order of the BIA, not the IJ, unless the IJ's decision has some impact on the BIA's decision." Mikhael, 115 F.3d at 302; see also Chun, 40 F.3d at 78. Here, because the BIA adopted and affirmed the IJ's decision, we must review the IJ's decision for substantial evidence. Id.

Furthermore, the finder of fact, not this court, makes credibility determinations. See Chun, 40 F.3d at 78; Vasquez-Mondragon v. INS, 560 F.2d 1225, 1226 (5th Cir. 1977). "We cannot substitute our judgment for that of the BIA or IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations." Chun, 40 F.3d at 78. Moreover, "[a]s we have previously made emphatically clear, '[w]e will not review decisions turning purely on the immigration judge's assessment of the alien petitioner's credibility.'" Id. (quoting Mantell v. INS, 798 F.2d 124, 127 (5th Cir. 1986)).

**B. Analysis**

The IJ determined that Ako Mbo was not credible after observing her testimony on the witness stand, taking "into account not only her demeanor while testifying but also her rationality in terms of consistency and her persuasiveness of her testimony." Oral Decision of the Immigration Judge, Aug. 20,

-5-

2003, at 4; R. at 46.  The denial of relief in this case turned purely on the IJ's assessment of Ako Mbo's credibility, and without credible evidence, the IJ had no basis on which to grant the requested relief.  Because Ako Mbo has not otherwise shown that the evidence compels a contrary conclusion, and because we will not substitute our judgment of Ako Mbo's credibility for that of the IJ, we affirm the BIA's decision.  <u>See</u> <u>Chun</u>, 40 F.3d at 78; <u>Mantell</u>, 798 F.2d at 127; <u>Vasquez-Mondragon</u>, 560 F.2d at 1226.

## III. CONCLUSION

For the foregoing reasons, the decision of the BIA is AFFIRMED.