United States Court of Appeals

Fifth Circuit

**F I L E D**

January 25, 2006

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

———————

m 05-60044
Summary Calendar

———————

TSEGE SEYOUM,

Petitioner,

VERSUS

ALBERTO R. GONZALES,
UNITED STATES ATTORNEY GENERAL,

Respondent.

———————————————

Petition for Review of an Order of
the Board of Immigration Appeals
m A97 195 996

———————————

Before SMITH, GARZA, and PRADO,
   Circuit Judges.

PER CURIAM:[*]

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited (continued...)

Tsege Seyoum seeks review of the denial by the Board of Immigration Appeals ("BIA") of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the peti-

———————————

[*](...continued)
circumstances set forth in 5TH CIR. R. 47.5.4.

tion for review.

Seyoum is a citizen of Ethiopia who has lived in the United States since April 2003. She alleges persecution at the hands of the Ethiopian government for being of Oromo ethnicity and a suspected member of the Oromo Liberation Front ("OLF"). She claims she was arrested, taken to a prison named Dedessa, and raped and beaten repeatedly over the course of an eight-month stay. At her removal hearings, Seyoum testified that she escaped from Dedessa on December 31, 2002, when the OLF raided the prison and freed its prisoners. She further denied membership in, or any knowledge of, the OLF and its activities.

The immigration judge ("IJ") denied Seyoum's claims based primarily on an adverse credibility determination. In particular, the IJ cited a government report and affidavits submitted by Seyoum indicating that the Dedessa prison closed in November 2002, the month before the date of Seyoum's alleged escape. Furthermore, the IJ found that Seyoum's written statement in her asylum application contradicted her testimony that she had no knowledge of the OLF, and that Seyoum had failed to provide any meaningful corroborating evidence to support her allegations.

The BIA affirmed the IJ's order without opinion. Therefore, the decision of the IJ becomes the basis for this court's review. *Soadjede v. Ashcroft*, 324 F.3d 830, 831-32 (5th Cir. 2003).

We review for substantial evidence the factual basis for the IJ's decision that Seyoum is ineligible for asylum, withholding of removal, and relief under CAT. *Zhang v. Gonzales*, 432 F.3d 339, 343-44 (5th Cir. 2005). On substantial evidence review, we will not dis-

turb the IJ's findings of fact "unless we find not only that the evidence supports a contrary conclusion, but that the evidence compels it." *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). The alien bears the burden of proving that "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.*

A grant of asylum is discretionary, and to be eligible an alien must be "unable or unwilling to return to . . . [his home] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101-(a)(42)(A). To demonstrate a well-founded fear of persecution, an alien must show "a subjective fear of persecution, and that fear must be objectively reasonable." *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001).

A claim for withholding of removal, meanwhile, does not require proof of subjective fear, *Zhang*, 432 F.3d at 344, but it does require an applicant to prove a "clear probability" of future persecution if returned to his home country, *IRS v. Stevic*, 467 U.S. 407, 413 (1984). Seyoum must show it is more likely than not that "[her] life or freedom would be threatened . . . because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A).

Finally, to secure relief under CAT, an alien does not need to show persecution based on one of the five protected characteristics for claims of asylum and withholding of removal, *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002), but he must meet the "higher bar" of proving it is more likely than not that he will be tortured if returned to his home country,

2

*id.*[1]  To meet this burden, he may produce evidence of past torture, an inability to relocate to a safer part of the country, human rights abuses committed within the country, or any other relevant information.  *See* 8 C.F.R. § 208.16(c)(3).

The primary evidence Seyoum presented that she would suffer persecution or torture if returned to Ethiopia consists of her testimony that she experienced persecution in the past because of her status as an ethnic minority and her suspected affiliation with OLF.  Therefore, all three of her claims depend heavily on a favorable credibility determination.

For asylum, withholding of removal, and CAT claims, "[t]he testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. §§ 208.13(a) (asylum); 208.16(b) (withholding of removal); 208.16(c)(2) (CAT). We cannot second-guess the BIA or IJ by substituting our own credibility judgment for that of the factfinder.  *Chun*, 40 F.3d at 78.  "We will not review decisions turning purely on the [IJ's] assessment of the alien petitioner's credibility."  *Mantell v. INS*, 798 F.2d 124, 127 (5th Cir. 1986).[2]

The IJ's conclusion that Seyoum did not meet her burden of persuasion on the likelihood of future persecution or torture if returned to Ethiopia is supported by substantial evidence.  Seyoum's testimony that she escaped from Dedessa prison on December 31, 2002, contradicts not only a State Department report but affidavits by two Ethiopian natives submitted by Seyoum to corroborate her testimony on conditions at the prison.  Her written statement indicates knowledge of the aims of OLF, but her oral testimony suggests ignorance of the organization.  The two affidavits she submitted are identical, word for word, and provide mainly hearsay evidence.  Al-

---

[1] The applicable regulation defines torture as

any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1) (2000).

[2] Seyoum argues that even if an adverse credibility determination defeats her asylum and withholding-of-removal claims, it cannot foil her CAT claim, because CAT instructs the IJ to consider the conditions of the country of removal as well as the applicant's testimony.  *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (remanding CAT claim where IJ "plainly overrelied" on adverse credibility determination without considering country conditions); *Mansour v. INS*, 230 F.3d 902, 908 (7th Cir. 2000) (remanding CAT claim where adverse credibility determination "overshadow[ed]" petitioner's torture claim).  The IJ, however, did specifically consider the pattern or practice of persecution in Ethiopia but concluded that Seyoum did not establish that she was similarly situated to any persecuted group.  Furthermore, Seyoum's testimony relates directly to the question whether it is likely she will be tortured if returned to Ethiopia.  *See Efe*, 293 F.3d at 907-08 (distinguishing *Kamalthas* and *Mansour* in part because "the credibility assessment here goes directly to the issue of whether or not [the alien] will be tortured").

3

though a reasonable factfinder might conclude that this evidence does not impugn the credibility of Seyoum's entire testimony, we are certainly not compelled to reach that result.

The petition for review is DENIED.[3]

---

[3] The motion of attorney Teodora Purcell to withdraw as counsel is GRANTED.