United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-61193
Summary Calendar

———————————

SOFIA HERNANDEZ DE CERDA; LUIS ROLANDO CERDA RAMIREZ,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 032 294
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The petitioners, Sofia Hernandez De Cerda and her husband, Luis Rolando Cerda Ramirez, seek review of the Board of Immigration Appeals (BIA) decision denying their application for the cancellation of removal. They argue that the BIA erred in finding that they failed to show 10 years of continuous physical presence in the United States and in finding that their removal would not result in extreme hardship to their children and Luis's parents.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to 8 U.S.C. § 1229b(b), the Attorney General has the authority to cancel removal of inadmissible aliens who show, inter alia, continuous physical presence in the United States for a period of 10 years and where "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(A)&(D). Because cancellation of removal is governed by § 1229b, the jurisdictional bar of § 1252(a)(2)(B)(i) is implicated in the instant case. Section 1252(a)(2)(B)(i), provides that:

> Notwithstanding any other provision of law, . . . no court shall have jurisdiction to review—-
>
> > (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), **1229b**, 1229c, or 1255 of this title . . . .

§ 1252(a)(2)(B)(i)(emphasis added). Because it involved the exercise of discretion, this court lacks jurisdiction to review the BIA's hardship determination. See Rueda v. Ashcroft, 380 F.3d 831, 831 (5th Cir. 2004). Although review of the BIA's finding regarding the lack of continuous physical presence is not jurisdictionally barred, all four of the requirements of § 1229b must be satisfied to qualify for the cancellation of removal. See Berzosa-Flores v. Gonzales, 162 F. App'x 275, 279-80 (5th Cir. 2005). We therefore decline to consider the petitioners' challenge to the BIA's finding on continuous physical presence. To the extent that the petitioners present a constitutional due

process argument, this court retains jurisdiction.  See Balogun v. Ashcroft, 270 F.3d 274, 278 n.11 (5th Cir. 2001). Nevertheless, as the record reveals that the BIA gave "meaningful consideration of the relevant substantial evidence" supporting the petitioners' claims, the petitioners have made no showing that the decision to deny their application for cancellation of removal violated their right to due process.  See Abdel-Masieh v. INS, 73 F.3d 579, 585 (5th Cir. 1996).

PETITION DISMISSED IN PART; DENIED IN PART.