Edmond **BARTHOLD**, Petitioner,

v.

**U. S. IMMIGRATION AND NATU-RALIZATION SERVICE,**
Respondent.

No. 74–2588.

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 1975.

Donald I. Bierman, Miami, Fla., for petitioner.

Rex Young, Atty., Gov. Regulations, John L. Murphy, Crim. Div., Washington, D. C., John L. Briggs, U. S. Atty., Miami, Fla., Edward H. Levi, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., District Director, U. S. Dept. of Justice Immig. & Nat., Miami, Fla., Troy A. Adams, Jr., District Director, Immig. & Nat., New Orleans, La., for respondent.

Before BELL, DYER and SIMPSON, Circuit Judges.

DYER, Circuit Judge:

Barthold is a citizen of Haiti who came to the United States via Cuba in a small boat. He landed near Fort Pierce, Florida, admittedly entering the country without inspection. The next day, however, he went to the Miami Immigration & Naturalization Service office and requested political asylum. The request was denied by the district director after consultation with the State Department.

At his hearing before the immigration judge, Barthold was informed of his right to be represented by counsel. He asked for a lawyer at government expense and was told that none could be provided. He then elected to continue without an attorney. An interpreter was provided.

At the hearing, Barthold conceded his illegal entry and thus his deportability. He argued, however, that he should not be deported because he feared persecution in Haiti. The judge rejected this argument, as did the Board of Immigration Appeals. Appeal to this Court followed. The appeal is not based on the correctness of the deportation order, nor on the refusal to withhold deportation. Rather, it is based on the denial of an asserted right to appointed counsel in the deportation hearing. We find that Barthold waived any right he may have had at the deportation hearing. Therefore, we affirm the order of deportation.

The alien has a statutory right to be represented by counsel at deportation proceedings, but the statute specifies that this shall be at no expense to the Government. 8 U.S.C.A. § 1252(b)(2). A similar provision relates to all immigration proceedings, both hearing and appellate. 8 U.S.C.A. § 1362. Whether the indigent alien has a right to appointed counsel has been much discussed in the federal courts, but never considered by the Supreme Court. The existence, let alone the nature and scope, of such a right has not been established. The parties would have us address this problem here, but we find that "the posture of the case is such that we do not reach the issue petitioner seeks to raise." Henriquez v. INS, 2 Cir. 1972, 465 F.2d 119, cert. denied, 410 U.S. 968, 93 S.Ct. 1452, 35 L.Ed.2d 703.

■ It is clear that any right an alien may have in this regard is grounded in the fifth amendment guarantee of due process rather than the sixth amendment right to counsel. Aguilera-Enriquez v. INS, 6 Cir. 1975, 516 F.2d 565;

*see* Gagnon v. Scarpelli, 1973, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656. Deportation proceedings are civil, not criminal, in nature. Jolley v. INS, 5 Cir. 1971, 441 F.2d 1245, *cert. denied,* 404 U.S. 946, 92 S.Ct. 302, 30 L.Ed.2d 262; *see also* Harisiades v. Shaughnessy, 1952, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586; Burquez v. INS, 10 Cir. 1975, 513 F.2d 751, 755; Tupacyupanqui-Marin v. INS, 7 Cir. 1971, 447 F.2d 603; La Voie v. INS, 9 Cir. 1969, 418 F.2d 732, *cert. denied,* 1970, 400 U.S. 854, 91 S.Ct. 72, 27 L.Ed.2d 92; Ah Chiu Pang v. INS, 3 Cir. 1966, 368 F.2d 637, 639, *cert. denied,* 1967, 386 U.S. 1037, 87 S.Ct. 1490, 18 L.Ed.2d 601. Therefore, we analyze the proceedings in terms of their fundamental fairness on a case-by-case basis.

■ At Barthold's deportation hearing the following colloquy occurred:

Q. You have the right to be represented by an attorney at this hearing, if you want, or you can go ahead if you do not choose to be represented. Do you want to be represented by a lawyer?

A. Can the Government give me an attorney?

Q. No, the Government cannot provide an attorney for you in these cases because we are prohibited by law from doing so. It must be an attorney at your own expense. However, *if you do not have the money to afford an attorney, I can adjourn the case and give you the opportunity to contact Legal Services to see whether or not they will provide an attorney for you.* Do you have—you say you do not have sufficient money to pay for an attorney?

A. No, Sir.

Q. Well, do you want the opportinity to call Legal Services to see if they will provide you with an attorney?

A. I will continue without an attorney.

Q. Very well. If at any time during the course of the proceedings you feel that you are unable to represent any more or that you think an attorney's answer will be necessary, just let me know and I will adjourn the case to still give you a chance to get one. You understand that you will have this continuing right until the case is completed?

A. Yes. (Emphasis added.)

The Government argues that this constitutes a waiver of any right Barthold may have had. We agree.

The judge offered Barthold the opportunity to obtain a free lawyer. Barthold voluntarily forewent that opportunity, stating his wish to "continue without a lawyer." He was assisted by an interpreter, and there is no indication that he did not understand what he was giving up. On oral argument his counsel suggested that Barthold did not understand the term "Legal Services," and so did not understand that he would not have to pay. However, the actual dialogue indicates that the judge made this clear. After stating his intention to continue without a lawyer, Barthold further indicated that he understood his rights:

Judge: Even though you don't have an attorney, if there is anything that you think I should know in order to make a better decision, any statements that you wish to make feel free to do so. The Government's attorney, the gentleman who is seated across from you—if he should introduce any papers for me to look at that you don't think is proper, tell me so. Tell me that you don't think it's proper and tell me the reason why. Do you understand that you have all these rights?

A. Yes.

■ Lack of counsel in this case does not constitute a denial of due process, because Barthold was offered an opportunity to obtain representation he could afford. Had he sought such aid and been unsuccessful, we would have to decide the question urged upon us. In these circumstances, however, we hold that whatever the scope and nature of the alien's right to counsel, Barthold by

his actions effectively waived such right.[1]

Barthold makes one other claim which deserves mention. He argues that under the immigration laws, after a deportation order is finally entered, he may be incarcerated for a period of up to six months,[2] and that this entitles him to counsel under Argersinger v. Hamlin, 1972, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. Barthold is not, we are assured, presently incarcerated. We have no indication that he will be. The holding of *Argersinger* is that no one may be imprisoned for an offense unless he was represented by counsel at trial. Argersinger v. Hamlin, *supra* at 37, 92 S.Ct. 2006. Even if that holding applied to deportation proceedings by analogy, which we do not decide, it does not apply in this case because Barthold is not in prison, nor is there any assurance that he will be.

Affirmed.

---

1. Waiver was similarly found in a recent Tenth Circuit case in which the judge informed the alien, Cruz, of his right to be represented by counsel. Upon being told that Cruz had retained no counsel, the judge asked if that meant that he did not wish to have an attorney. Cruz replied: "I see no reason to. I can speak for myself." Cruz argued an appeal that his waiver of counsel was unknowing and therefore invalid, but the court held that when Cruz said he could speak for himself and that he understood his rights, he effectively waived his right to be represented. Cruz Burquez v.

INS, 10 Cir. 1975, 513 F.2d 751. *See also* Tupacyupanqui-Marin v. INS, 7 Cir. 1971, 447 F.2d 603, 606.

2. The statute provides in pertinent part that at the Attorney General's discretion, the alien may be detained, released on bond in an amount and containing such conditions as the Attorney General may prescribe, or released on such other condition as the Attorney General may prescribe.

8 U.S.C.A. § 1252(c).