MATTER OF GUTIERREZ

In Deportation Proceedings

A-31404629

*Decided by Board May 26, 1977*

(1) Where the record showed that the immigration judge took scrupulous care to inform respondent of his right to be represented by counsel and of the availability of Legal Aid counsel at no charge to respondent and the immigration judge offered to adjourn the hearing to enable respondent to obtain counsel but respondent nonetheless desired to go ahead with the hearing, the respondent was sufficiently informed of his right to be represented by counsel at the hearing in compliance with 8 C.F.R. 242.16(a) and 8 C.F.R. 242.10.

(2) Where respondent's statements revealed no confusion or misunderstanding about the nature of the proceedings or of his right to be represented by counsel and there was no evidence that the respondent lacked a clear understanding of his right to be represented, the availability of Legal Aid counsel free of charge, or the consequences of proceeding without counsel, respondent's waiver of counsel was knowingly, intelligently and competently made.

(3) Where respondent's waiver of counsel was an effective and competent waiver, respondent's contention that failure of the immigration judge to appoint counsel at Government expense was a denial of due process, is without merit.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of any law or regulation relating to the illicit possession or trafficking in marihuana

ON BEHALF OF RESPONDENT: Robert Guerra, Esquire
Legal Aid Foundation of Los Angeles
5228 Whittier Boulevard
Los Angeles, California 90022

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

The lawful permanent resident respondent, a native and citizen of Mexico, was found deportable under section 241 (a)(11) of the Immigration and Nationality Act, as an alien convicted of a crime relating to the illicit possession of marihuana, at a hearing before the immigration judge on December 9, 1976. Upon finding that no relief from deportation was available, the immigration judge ordered the respondent deported to Mexico. The respondent now appeals the finding of deportability, alleg-

ing that his lack of counsel at the hearing resulted in a denial of due process of law. The appeal will be dismissed.

The respondent was admitted for permanent residence as the spouse of a United States citizen on January 25, 1972. This marriage apparently ended in divorce. On March 1, 1976, the respondent was convicted in United States District Court for the Southern District of California upon a plea of not guilty to the offense of possession of 363 pounds of marihuana with intent to distribute. He was sentenced to imprisonment for a period of one year, and was required to serve a special parole term of five years. On appeal to the United States Court of Appeals for the Ninth Circuit, this judgment was affirmed on August 5, 1976. On October 22, 1976, the respondent was served with an Order to Show Cause charging him with deportability under section 241(a)(11) of the Act. At the December 9, 1976 hearing, the respondent waived the right to counsel, despite being advised by the immigration judge of the availability of Legal Services counsel at no charge to the respondent and despite the immigration judge's offer to continue the hearing to allow the respondent to seek legal assistance. The respondent conceded all the allegations in the Order to Show Cause, but denied deportability. The immigration judge found him deportable, and found that he was ineligible for any form of discretionary relief. The immigration judge therefore ordered the respondent deported to Mexico.

On appeal, the respondent, through counsel, contends that the immigration judge failed to advise him of his right to counsel, in violation of 8 C.F.R. 242.16. He also contends that the waiver of his right to counsel was not voluntary, understanding or competent. Last, he claims that the failure of the immigration judge to appoint counsel at the Government's expense denied him a fair hearing. The respondent argues that these deficiencies, taken separately or together, resulted in a denial of his right to procedural due process of law under the Fifth Amendment to the United States Constitution.

A deportation hearing is not a criminal proceeding. *Zakonaite v. Wolf*, 226 U.S. 272 (1912). Therefore, any right to counsel derives not from the Sixth Amendment, but from the Fifth Amendment right to a fair hearing. *Barthold v. INS*, 517 F.2d 689 (5 Cir. 1975). 8 C.F.R. 242.10 and 8 C.F.R. 242.16(a) provide that an alien shall have the right to counsel in a deportation proceeding at no expense to the Government, and that the immigration judge shall inform him of that right.

Counsel contends that the immigration judge's conduct at the hearing represented only a "feeble attempt" to inform the respondent of his right to be represented by counsel. We disagree. We note first that the Order to Show Cause served on the respondent contained a notification of the right to counsel at the deportation hearing. *Murgia-Melendrez v. INS*, 407 F.2d 207 (9 Cir. 1969). Second, even a cursory reading of the

227

transcript of the hearing reveals that the immigration judge took scrupulous and commendable care to inform the respondent of his right to be represented, the availability of legal counsel from Legal Aid at no charge to the respondent, and his willingness to adjourn if the respondent desired to secure Legal Aid counsel (Tr. p. 1). The respondent, however, expressed his desire to "go ahead with the hearing" (Tr. p. 2). We find that the respondent was sufficiently informed of his right to be represented at the hearing.

Counsel next alleges that the immigration judge did not "attempt to ascertain whether the respondent was competent to make the waiver" of counsel (Respondent's Brief, p. 5). The right to counsel outlined in 8 C.F.R. 242.10 may be waived by the alien. *Millan-Garcia* v. *INS*, 343 F.2d 825 (9 Cir. 1965); *Dentico* v. *INS*, 280 F.2d 71 (2 Cir. 1960); see Appleman, I., *"Right to Counsel in Deportation Proceedings,"* 14 San Diego L.R. 130 (1976). However, since the right to counsel is an important right often essential to the fundamental fairness of a hearing, meticulous care must be exercised to insure that a waiver of this right is competently and understandingly made. *De Souza* v. *Barber*, 263 F.2d 470 (9 Cir.), cert. denied 359 U.S. 989 (1959); *Bridges* v. *Wixon*, 326 U.S. 135 (1945). It is the duty of the immigration judge to insure that a waiver of the right to counsel is competently and understandingly made. *Kovac* v. *INS*, 407 F.2d 102 (9 Cir. 1969); *U.S. ex rel. Castro-Louzan* v. *Zimmerman*, 94 F. Supp. 22 (E.D. Pa. 1950). The criteria for determining whether the right to counsel has been competently waived are identical to those employed to determine the competency of a confession. *Murgia-Melendrez* v. *INS*, *supra*. Therefore, in assessing the competency of a waiver of the right to counsel, the respondent's age, intelligence, education and ability to comprehend must be considered. *Murgia-Melendrez* v. *INS*, *supra*.

We have reviewed the record transcript, and find no evidence that the respondent lacked a clear understanding of his right to be represented, the availability of Legal Aid counsel free of charge, or the consequences of proceeding without counsel. The respondent is 28 years old and has lived and worked in the United States for four years. Although he has had only four years of education, the hearing was conducted in the respondent's native Spanish, and the respondent's statements reveal no confusion about or misunderstanding of the nature of the proceedings or of his right to be represented. The immigration judge is not required to state for the record that he finds the respondent competent to waive counsel. Our review of the record satisfies us that the respondent's waiver of counsel was knowingly, intelligently and competently made. *Burquez* v. *INS*, 513 F.2d 751 (10 Cir. 1975). We therefore find that the respondent's second contention is without merit.

Counsel's last contention, that the immigration judge's failure to

228

appoint counsel at the Government's expense, is also without merit in this forum. While the validity of the rule in Section 292 of the Act that counsel in a deportation hearing shall be at no expense to the Government has been recently questioned, *Aguilera-Enriquez* v. *INS*, 516 F.2d 565 (6 Cir. 1975); *Barthold* v. *INS, supra; Rosales-Caballero* v. *INS*, 472 F.2d 1158 (5 Cir. 1973); *Henriques* v. *INS*, 465 F.2d 119 (2 Cir. 1972), we are precluded from entertaining constitutional challenges to the Act itself. Moreover, the respondent's effective and competent waiver of any right he might have had to counsel renders any such claim insubstantial in this case. In *Barthold* v. *INS, supra,* the court, in a case involving similar facts, stated: "Lack of counsel in this case does not constitute a denial of due process because (the respondent) was offered an opportunity to obtain counsel he could afford . . . [W]hatever the scope of an alien's right to counsel (the respondent) by his actions effectively waived such right." 517 F.2d at 691–692. We find that the respondent's waiver of his right to counsel negates any claim of a denial of due process through lack of appointed counsel at the deportation hearing. Our review of the record satisfies us that the hearing was fair, that deportability was established by clear, convincing, and unequivocal evidence, and that the respondent's waiver of his right to counsel was knowingly, intelligently, and competently made. We therefore shall dismiss the appeal.

ORDER: The appeal is dismissed, and the respondent is ordered deported to Mexico in accordance with the terms of the immigration judge's decision.

Regardless of the enclosed decision, you may be allowed to stay in the United States because of a recent court ruling if you registered with an American consul for an immigrant visa before January 1, 1977, and entered the United States prior to March 11, 1977. The court ruling relates to the case of *Silva* v. *Levi,* 76 C 4268 (N.D. Ill.). Please contact your attorney or authorized representative or an INS office for further information.

Irrespectivamente de la decisio'n que se incluye, usted puede estar autorizado a permancer en los Estados Unidos a causa de una reciente determinacion judicial si usted se registró con un cónsul Americano para una visa de inmigrante antes del primero de Enero de 1977, y entro' a los Estados Unidos previo al 11 de Marzo de 1977. La determinacio'n judicial se refiere al caso de *Silva* v. *Levi,* 76 C 4268 (N.D. Ill.). Favor de comunicarse con su abogado, o su representante autorizado o una oficina del Servicio de Inmigración y Naturalización para más informacion.