875 F.2d 862
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hassan Ali CHOUEIB, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 88-3553.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges and RICHARD B. McQUADE, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner, Hassan Ali Choueib, seeks review of a Board of Immigration Appeals (BIA) decision denying his request for voluntary departure under 8 U.S.C. Sec. 1254(e) (1982). Petitioner asserts that on the facts of this case the Immigration Judge (IJ) abused his discretion in denying petitioner's request for voluntary departure and that petitioner was denied due process of law by the introduction of a hearsay affidavit executed by petitioner's wife. We reject petitioner's first argument and find the second not properly before this Court. Accordingly, we affirm.
 
 
 2
 Petitioner is a Lebanese citizen who entered the United States on January 2, 1982. The Immigration and Naturalization Service (INS) admitted petitioner as a nonimmigrant student permitted to attend the Lawrence Institute of Technology in Southfield, Michigan, through November 30, 1982. The INS later allowed petitioner to remain for the duration of his time as a student. Petitioner graduated from the Lawrence Institute on June 3, 1984. Since his graduation, petitioner has not attended any other institute of higher learning.
 
 
 3
 On September 10, 1984, petitioner married Tracy M. Taylor, a United States citizen. After initially filing a visa petition on petitioner's behalf, Ms. Taylor authored and signed an affidavit withdrawing the petition on October 25, 1984. In her affidavit, Ms. Taylor claimed she had agreed to marry petitioner in exchange for a sum of money so he could obtain "his green card." Ms. Taylor's affidavit further states that each time petitioner saw her he gave her money and that she never lived with petitioner. At the hearing before the IJ, petitioner denied that he had entered the marriage solely to obtain his working papers.
 
 
 4
 On January 30, 1985, the INS initiated deportation proceedings against petitioner for failure to comply with the conditions of his nonimmigrant status. A hearing was held before an IJ on February 7, 1985. Respondent chose to waive his right to counsel. After admitting the grounds for deportation, petitioner requested voluntary departure of 60 days.[1]
 
 
 5
 The IJ found petitioner deportable and denied the request for voluntary departure. The IJ based his denial of voluntary departure upon his belief that petitioner had no real intention of departing the United States voluntarily, that petitioner violated the terms of his nonimmigrant student status by working in a gas station, and that he married a United States citizen under "very suspiciouscircumstances." The IJ found, as a matter of discretion, that petitioner was not entitled to the privilege of voluntary departure. Petitioner appealed to the BIA which held the IJ properly denied petitioner's request for voluntary departure. Petitioner now appeals to this Court under 8 U.S.C. Sec. 1105a(a).
 
 
 6
 The Immigration and Nationality Act (the Act), in section 244(e) (8 U.S.C. Sec. 1254(e)), grants the Attorney General the discretionary power to allow a deportable alien to depart voluntarily in lieu of deportation if the alien establishes that he "has been a person of good moral character, for at least five years immediately preceding his application." Although the Act contains a definition of "good moral character" which statutorily excludes certain classes of persons, see 8 U.S.C. Sec. 1101(f) (1982), the statute also clearly states that a person may be denied voluntary departure despite his statutory eligibility. Id. at Secs. 1101(f), 1254(e).
 
 
 7
 The Attorney General (or his delegatees) may deny a request for voluntary departure based upon any number of reasons including prior immigration history, the nature of entry, violations of law, length of residence and family ties, truthfulness, and humanitarian needs. Although the Attorney General has broad discretion in his decisions regarding voluntary departure, his decision may not be arbitrary or capricious. Cuevas-Ortega v. INS, 588 F.2d 1274, 1278 (9th Cir.1979); Strantzalis, 465 F.2d at 1017 n. 2. Thus, we may reverse the BIA's decision to deny voluntary departure only if we are left with a "definite and firm conviction" that the decisionmaker below made a clear error in judgment in reaching its conclusion. Kabongo v. INS, 837 F.2d 753, 756 (6th Cir.1988).
 
 
 8
 We find no abuse of discretion in the BIA's decision to withhold voluntary departure relief in this instance. The record evidence, as relied upon by the IJ, shows that petitioner expressed an unwillingness to leave the country unless forced to do so, that he violated the immigration laws by working, that he refused to give a statement to an INS investigating officer, and finally, that he may have entered into a sham marriage to remain in the United States. In light of these factors, it was neither arbitrary nor capricious for the BIA to deny petitioner's request for voluntary departure. See, e.g., United States ex. rel. Hintopoulos v. Shaughnessy, 353 U.S. 72, 77 (1957); Strantzalis, 465 F.2d at 1018.
 
 
 9
 Petitioner's second argument is that he should receive a new hearing because petitioner's inability to cross-examine his wife regarding her affidavit denied him due process of law.[2] Petitioner is correct in his assertion that aliens are entitled to due process in deportation hearings. Ibrahim v. INS, 821 F.2d 1547, 1550 (11th Cir.1987). Due process is satisfied if the alien receives a full and fair hearing. Id.
 
 
 10
 Despite his entitlement to due process, petitioner's behavior at trial forecloses our need to examine his due process claims. Petitioner was twice informed of his right to counsel by the IJ and elected to waive his right. Petitioner's status as a college-educated electrical engineer coupled with his explicit acknowledgement that he understood his right to counsel indicate that his waiver was both knowing and intelligent. See, e.g., United States v.Saucedo-Velasquez, 843 F.2d 832, 834-35 (5th Cir.1988); Cobourne v. INS, 779 F.2d 1564, 1566 (11th Cir.1986). Petitioner cannot now object to the IJ's failure to give him an opportunity to cross-examine his wife concerning her affidavit because petitioner never objected to the affidavit before the IJ. Because we find that petitioner's failure to object before the IJ precludes any challenge to the use of the affidavit, we do not reach the constitutional question of whether the right to cross-examine witnesses in deportation proceedings, see Dallo v. INS, 765 F.2d 581, 586 (6th Cir.1985), extends to testimony used to deny an alien's request to depart the country voluntarily. See Cunanan v. INS, 856 F.2d 1373 (9th Cir.1988) (holding BIA's reliance upon affidavit of alien's wife that marriage was a sham was fundamentally unfair absent reasonable effort by government to produce wife).
 
 
 11
 For the foregoing reasons we dismiss the petition for review and affirm the order of the Board of Immigration Appeals.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Petitioner's ability to depart voluntarily is of significant importance to him because voluntary departure status permits him to select his destination and facilitates earlier return to the United States. See Strantzalis v. INS, 465 F.2d 1016, 1017 (3d Cir.1972)
 
 
 [2]
 Because petitioner raises his due process claim for the first time on appeal, we could decline to hear it for failure to exhaust administrative remedies. See Juarez v. INS, 732 F.2d 58, 59 (6th Cir.1984); Carnejo-Molina v. INS, 649 F.2d 1145, 1150-51 (5th Cir.1981). We, however, will briefly address petitioner's complaint