**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0325n.06
Filed: May 8, 2007

**No. 06-4231**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| K.E., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW FROM THE |
| | ) | BOARD OF IMMIGRATION APPEALS |
| ALBERTO GONZALES, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

**Before: ROGERS and COOK, Circuit Judges; and GWIN, District Judge.**[*]

**ROGERS, Circuit Judge.** Petitioner asks this court to review the Board of Immigration Appeals' order affirming the Immigration Judge's decision ordering petitioner removed and denying petitioner's motion to remand. While in the United States legally, petitioner was convicted of robbery and the Department of Homeland Security ("DHS") initiated removal proceedings against him. During the initial removal hearing before the IJ, petitioner first stated that he wanted an opportunity to obtain counsel, but after repeated questioning, stated that he preferred to go on with the hearing without counsel. The hearing was continued, during which time petitioner applied for asylum, withholding of removal, and withholding of removal under the United Nations Convention Against Torture ("CAT"). After a hearing, at which petitioner appeared pro se, the IJ denied

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

petitioner all forms of relief and ordered petitioner removed.  The BIA affirmed the IJ's decision and denied petitioner's motion to remand.

Petitioner filed a petition for review.  He argues that the IJ denied him due process by failing to permit him an opportunity to obtain an attorney and by failing to develop the record adequately during the removal hearing.  Petitioner also argues that the BIA erred in denying his motion to remand by failing to consider his failure-to-develop-the-record due process argument and by failing to consider certain evidence submitted with the motion to remand.

We deny the petition for review.  Even assuming the IJ erred  by denying petitioner an opportunity to obtain counsel, petitioner was not prejudiced.  The IJ did not violate petitioner's due process rights by failing to develop the record, and even if he did, petitioner has failed to show that the IJ's alleged error prejudiced him.  In rejecting the motion to remand, the BIA considered petitioner's due process argument and this court does not have jurisdiction to consider the essentially factual argument that the BIA failed to consider evidence submitted with the motion to remand.

**I.**

Petitioner claims that he was removed from his country of origin by the United States Army and placed in the Witness Protection Program in the United States because of his father's activities in his country of origin.  On November 21, 2003, petitioner pleaded guilty to robbery in violation of Ohio Revised Code section 2911.02(A)(3), a third-degree felony, and was sentenced to three years in prison.  On February 25, 2005, while petitioner was in prison, he received a notice to appear from

the DHS alleging that he was subject to removal under the Immigration and Nationality Act ("INA")

§ 212(a)(2)(A)(i)(I) (8 U.S.C. § 1182(a)(2)(A)(i)(I)) for having been convicted of a crime involving

moral turpitude.

At the initiation of removal proceedings, the IJ told petitioner that he had a right to hire a

lawyer, that if he could not afford a lawyer the government would not provide him one, and that

petitioner would be provided with a list of organizations that might represent him at low cost or no

cost if he could not afford a lawyer. Petitioner initially told the IJ that he wanted time to hire a

lawyer because he was unfamiliar with the removal process and wanted to talk to someone before

going through it. The IJ then said that petitioner could talk to a lawyer and that he would postpone

the case until October 12. At that point, petitioner expressed trepidation that he would not be able

to afford a lawyer, to which the IJ responded by again stating that an organization might represent

petitioner at no cost. Petitioner responded by saying, "I'll take my chances," and when the IJ asked

what that meant, petitioner stated, "That we go on with it." The IJ summed up by stating, "Okay,

you want to proceed with your case," and the proceedings went forward.[1]

---

[1]The following is the complete relevant exchange between the IJ and petitioner during the initial hearing before the IJ:

> Q.     Fine, now sir, you just pay attention to me. You are in removal proceedings and you have a right to have a lawyer represent you but the United States government does not provide you with a lawyer. You may hire a lawyer or if you believe you cannot afford a lawyer we will give you a list of organizations that might represent you at low cost or no charge but they do not have to represent you. Do you understand your rights to a lawyer?
> A.     Yes sir.
> Q.     And do you want time to get a lawyer or do you want to proceed with

At the proceeding, the IJ first found by clear and convincing evidence that petitioner violated

INA § 212(a)(2)(A)(i) "for having committed acts that constitute the essential elements of a crime

involving moral turpitude" after petitioner admitted that he was an alien who had been convicted of

robbery and sentenced to prison for three years. The IJ then gave petitioner an opportunity to speak,

_____

your case today?

> A.  I've never dealt with this before but I like the better idea though.
>
> Q.  Well unlike your criminal case the government does not give you a lawyer but we will give you a list of organizations that might represent you but they don't have to represent you or you can hire lawyer.
>
> A.  Yes sir.
>
> Q.  Now if you want time to hire a lawyer or try to get a lawyer.
>
> A.  Absolutely.
>
> Q.  Just listen to me. If you want time to hire a lawyer or try to get a lawyer, I'll give you that time or you can proceed with your case today. What do you want to do?
>
> A.  You can give me a list and that will be just fine.
>
> Q.  They'll give you a list but again they don't have to represent you so I'll give you time to get a lawyer if that's what you want. Is that what you want?
>
> A.  I was really wanting to talk to somebody before going through this.
>
> Q.  Well you can talk to a lawyer. You're in court now. If you want time to get a lawyer, I'll give you that time and I'll reset your case until October 12th, at 9:00 o'clock. Do you want time?
>
> A.  Hold on, sir, I'm not going to be able to afford a lawyer.
>
> Q.  I just told you.
>
> A.  At the time being.
>
> Q.  I just told you if you want to, the government is not going to give you a lawyer but some of those organizations might represent you. You can try to contact them but if they don't then you're going to have to represent yourself.
>
> A.  I'll take my chances, sir.
>
> Q.  What does that mean, sir?
>
> A.  That we go on with it.
>
> Q.  Okay, you want to proceed with your case.
>
> A.  (Indiscernible.)
>
> Q.  Okay, sir, I have in front of me a Notice to Appear that list the immigration charges against you . . . . [continuation of hearing].

during which time petitioner explained that he had been in witness protection and feared that if he returned to his country of origin, he would be harmed by the government and representatives of the government. The IJ gave petitioner an asylum application, directed petitioner to fill out the application, and continued the proceedings until October 12.

Petitioner subsequently filed an application for asylum and for withholding of removal on the basis of nationality and political opinion. Petitioner also applied for withholding of removal under the CAT.

After a hearing on October 12, 2005, the IJ issued an oral decision ordering petitioner removed, denying petitioner's application for asylum and withholding of removal, and denying petitioner's application for withholding of removal under the CAT. Petitioner appealed to the BIA, with the assistance of counsel. Petitioner also filed a motion to remand, in which he argued that the IJ violated his right to a full and fair hearing by "denying him the right to obtain counsel and by failing to develop the record."

On April 5, 2006, the BIA adopted and affirmed the IJ's decision, dismissed the appeal, and denied the motion to remand. With respect to petitioner's motion to remand, the BIA first concluded that "[t]he evidence submitted on appeal and with the motion does not demonstrate that [petitioner] qualifies for deferral of removal under CAT." The BIA held that "the evidence [does not] show, as alleged, that the [IJ] conducted the proceedings in a fundamentally unfair manner." The BIA concluded that petitioner's statements to the IJ indicated that he wished to appear pro se and that

"[a]t no time did [petitioner] indicate that he wished further time to obtain counsel" even though petitioner had nearly nine months since the notice to appear in which to do so.

Petitioner filed a timely petition for review in the United States Court of Appeals for the Fourth Circuit. On September 12, 2006, the Fourth Circuit transferred the case to the Sixth Circuit because the case was docketed in an immigration court within the Sixth Circuit, even though the IJ who heard the case was located in Virginia. *See* 8 U.S.C. § 1252(b)(2) (venue).

On January 25, 2007, this court issued an order temporarily granting petitioner's motion for a stay of removal because petitioner's initial stay motion was filed in the Fourth Circuit and the parties did not address the Sixth Circuit's test for granting a stay. On February 23, 2007, after the parties addressed the correct legal standard, a motions panel issued an order granting petitioner's motion for a stay of removal "without prejudice to reconsideration by the merits panel, should that panel determine that a stay is no longer warranted."

## II.

This court lacks jurisdiction to review a final order of removal against an alien who is removable by reason of having been convicted of a crime involving moral turpitude. 8 U.S.C. § 1252(a)(2)(C). However, this court retains jurisdiction to review "constitutional claims or questions of law raised upon a petition for review." *Id.* § 1252(a)(2)(D).

This court reviews de novo an alien's constitutional challenge based on the manner in which an IJ conducts a hearing. *Mikhailevitch v. INS*, 146 F.3d 384, 391 (6th Cir. 1998). This court reviews other questions of law de novo as well. *Ramaj v. Gonzales*, 466 F.3d 520, 527 (6th Cir. 2006).

**III.**

Petitioner argues that the IJ violated his due process rights to obtain counsel and to have the record adequately developed. Each of these arguments is without merit.[2]

A.    Privilege to Obtain Counsel

Even assuming that petitioner did not voluntarily waive his statutory privilege to obtain counsel,[3] petitioner is not entitled to relief because he failed to show prejudice. To establish a due process violation, an alien must demonstrate prejudice. *See Vasha v. Gonzales*, 410 F.3d 863, 872 (Moore, J) (requiring proof of prejudice); *id.* at 876-77 (Sutton, J., concurring) (concluding no due process violation because no prejudice). Here, petitioner does not offer any evidence or argument for why he suffered prejudice. Petitioner admitted that he could not afford legal counsel and he has

[2]We exercise jurisdiction over petitioner's due process claims because 8 U.S.C. § 1252(a)(2)(C) does not bar constitutional claims. 8 U.S.C. § 1252(a)(2)(D).

[3]An alien may voluntarily waive his right to counsel. *See Nsue-Bisa v. Ashcroft*, 98 Fed. Appx. 436, 438 (6th Cir. 2004); *Choueib v. INS*, No. 88-3553, 1989 WL 45148, at *2 (6th Cir. May 4, 1989); *Farrokhi v. U.S. INS*, 900 F.2d 697, 701 (4th Cir. 1990); *In re Gutierrez*, 16 I&N Dec. 226, 228 (BIA 1977).

not suggested that he would have been able to obtain free legal counsel, or that even if he had obtained such counsel, that it potentially would have made a difference in the outcome of the proceeding. More important, petitioner had the same amount of time between the initial hearing and the continuation of the removal proceedings as he would have received had the IJ continued the proceedings to permit petitioner to obtain counsel: the IJ continued the proceedings in any event until October 12 so that petitioner could file an application for asylum. Therefore, petitioner has not met his burden of demonstrating prejudice.

B.    Failure to Develop the Record

The IJ did not violate petitioner's due process rights by failing to develop the record. Although this circuit has not done so, other circuits have held that an IJ has a duty to develop the record fully when an alien appears pro se and that an IJ violates the alien's due process right to a full and fair hearing by neglecting that duty. *See Jacinto v. INS*, 208 F.3d 725, 734 (9th Cir. 2000); *Al Khouri v. Ashcroft*, 362 F.3d 461, 464-65 (8th Cir. 2004); *Yang v. McElroy*, 277 F.3d 158, 162 & n.3 (2d Cir. 2002). But even assuming that this circuit would adhere to this same rule, the IJ in this case did not fail to develop the record. The IJ asked open-ended questions, permitted petitioner to answer those questions fully, and asked relevant follow-up questions.

Petitioner argues that he knew little about the reasons for which he was moved to the United States and could not obtain this information because he was detained, pro se, and without discovery mechanisms; and because this information was "highly relevant" to his claims, the IJ should have

asked DHS counsel if the government had information about why petitioner's family was moved. However, the cases referred to above do not require the IJ to extract evidence from the DHS counsel. Instead, they merely require the IJ to allow the alien an opportunity to narrate and elaborate on his answers during the hearing. For example, in *Jacinto*, the Ninth Circuit repeatedly noted that the IJ failed to provide the alien with an opportunity to present affirmative testimony. 208 F.3d at 728-29 ("At no point did the judge ask Jacinto if she wished to offer affirmative testimony while she was testifying, ask her whether she wanted to testify in narrative form, or otherwise afford her an opportunity to present direct testimony."); *id.* at 731 ("At no point was [Jacinto] afforded the opportunity to present her own affirmative testimony in narrative form or otherwise."); *id.* at 732 ("At the end of the examination on the merits, the [IJ] did not afford Jacinto any opportunity to explain her answers, but turned to the government counsel and inquired, 'Anything further, counsel?'"); *id.* ("[A]t no time did the [IJ] explain that Jacinto could . . . offer additional evidence."). In contrast, here, after the IJ and DHS counsel questioned petitioner, the IJ specifically asked petitioner, "Is there anything else that you would like to tell me, sir?" Petitioner answered by providing additional testimony, and there is no allegation that the IJ prematurely halted this testimony or otherwise denied petitioner an opportunity to offer additional evidence.

The conclusion that petitioner's due process rights were not violated is also supported by the Eighth Circuit's decision in *Al Khouri*. There the court held that the IJ violated "notions of fundamental fairness" by "curtailing Mr. Al Khouri's testimony and circumscribing his ability to elaborate on the details of his claim by instructing him only to answer the questions asked and then

concluding that Mr. Al Khouri's limited responses undermined his credibility." *Al Khouri*, 362 F.3d at 465. There was no such conduct by the IJ here, who asked open-ended questions and permitted petitioner an opportunity to respond fully. *See, e.g.*, JA 108 ("Tell me about the problems . . . ."); JA 112 ("Tell me about [incidents in which petitioner was injured]."); JA 116 ("And why is it that you fear you will be harmed if you are returned . . . .").

Furthermore, even assuming that petitioner was denied a full and fair hearing, he has failed to demonstrate prejudice. *See Jacinto*, 208 F.3d at 734-35 (requiring prejudice); *Al Khouri*, 362 F.3d at 466-67 (same). Petitioner argues that the IJ's failure to develop the record prejudiced him because, in light of the evidence he presented, it would not take much evidence to establish that it was more likely than not that he would be tortured in his country of origin. The BIA considered additional evidence that petitioner submitted with his motion to remand, but concluded that this additional evidence did not demonstrate that petitioner was qualified for deferral of removal under the CAT. An alien qualifies for deferral of removal under the CAT if he (1) has been ordered removed, (2) is entitled to protection under the CAT because it is more likely than not that he would be tortured in the country of removal, and (3) is subject to mandatory denial of withholding of removal. 8 C.F.R. § 208.17. Because petitioner was ordered removed and subject to mandatory denial of withholding of removal (as concluded by the IJ), the BIA's decision that petitioner was not qualified for deferral of removal necessarily was premised on the finding that, even with the additional evidence submitted with his motion to remand, petitioner had not shown that it was more likely than not that he would be tortured in his country of origin. Thus, any error by the IJ in failing

to develop the record could not have made a difference in whether petitioner was qualified for relief under the CAT because the BIA agreed with the IJ's ruling after receiving additional evidence accompanying the motion to remand that petitioner submitted with the assistance of counsel. Therefore, petitioner has not shown prejudice. The BIA accordingly properly upheld the IJ's determination that petitioner was removable.

**IV.**

The BIA also did not err by denying petitioner's motion to remand. Petitioner presents two arguments in this regard: (1) the BIA failed to consider petitioner's argument that the IJ violated his due process rights by failing to develop the record, and (2) the BIA failed to consider certain evidence submitted with the motion to remand.

First, the BIA's opinion suggests that it in fact did consider petitioner's argument that the IJ failed to develop the record. The BIA need only "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Scorteanu v. INS*, 339 F.3d 407, 412 (6th Cir. 2003) (quotation omitted). The BIA noted that "[t]he evidence submitted on appeal and with the motion does not demonstrate that [petitioner] qualifies for deferral of removal under CAT." Arguably, this addresses the issue of prejudice, a necessary element of petitioner's due process claim. Also, the BIA noted that the evidence did not "show, as alleged, that the [IJ] conducted the proceedings in a fundamentally unfair manner." Although the only argument that the BIA addressed in detail was petitioner's argument

that he did not have an opportunity to obtain counsel, this statement is sufficient to indicate that the BIA considered petitioner's failure-to-develop-the-record due process argument, which was part of petitioner's claim that he was denied a right to a full and fair hearing.

Second, this court does not have jurisdiction to consider petitioner's argument that the BIA failed to consider certain evidence submitted with his motion to remand. Petitioner points to nothing other than his disagreement with the BIA's decision to deny relief that would suggest that the BIA failed to consider additional evidence that he submitted. Thus, as the government points out, the purported error of law that petitioner alleges is nothing more than a factual disagreement with the BIA's conclusion. Therefore, this court cannot review this claim. *See* 8 U.S.C. § 1252(a)(2)(D); *Vasile v. Gonzales*, 417 F.3d 766, 768 (7th Cir. 2005) (holding that a jurisdictional bar applied to a factual claim, notwithstanding the REAL ID Act, even though the claim was presented as a question of law).

**Conclusion**

For the foregoing reasons, we DENY the petition for review. Upon reconsideration of petitioner's motion for a stay of removal, which was granted on February 23, 2007, we now VACATE our previous stay of removal because petitioner is not entitled to remain in this country.