NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0486n.06

No. 20-3955

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Oct 27, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JORGE A. FLORES-BENEDICT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| MERRICK B. GARLAND, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before: SUTTON, Chief Judge; BATCHELDER and LARSEN, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge**. Petitioner Jorge Flores-Benedict, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and ordering him removed to Honduras. He argues that the IJ failed to develop the record adequately, thus violating his right to due process, and that the BIA applied an incorrect legal standard and engaged in impermissible fact-finding, all of which require remand. We disagree and DENY the petition for review.

**I.**

Flores-Benedict was born in Honduras and is a member of the Garifuna ethnic group. The Garifuna are descendants of indigenous and formerly enslaved Afro-Caribbean people. Flores-Benedict entered the United States on May 20, 2019, at an unknown location.

The Department of Homeland Security ("DHS") served Flores-Benedict with a Notice to Appear ("NTA") on June 20, 2019, which placed Flores-Benedict in removal proceedings. DHS charged Flores-Benedict with removability based on two grounds: (1) Flores-Benedict is an immigrant who entered the United States without valid documentation pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I); and (2) Flores-Benedict is a noncitizen who entered the United States without being admitted or paroled by an immigration officer pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).

At a master calendar hearing on August 5, 2019, Flores-Benedict admitted the allegations in the NTA and was found subject to removal as charged. On September 16, 2019, Flores-Benedict applied for asylum, withholding of removal, and CAT protection.

Flores-Benedict testified in support of his application before the IJ on November 8, 2019. At the hearing, Flores-Benedict claimed that he fled Honduras because a Honduran police officer threatened his life after Flores-Benedict observed three gang members give money to the police officer. According to Flores-Benedict, the police officer noticed that Flores-Benedict had seen the money exchange, called Flores-Benedict over, took a photo of him, and threatened to kill him if he said anything about what he had just seen. Flores-Benedict also claims that the police officer told Flores-Benedict that he does not like black people. Flores-Benedict never reported what he saw because he feared what the police officer and gang members would do to him.

In addition to the incident with the police officer, Flores-Benedict testified that he has suffered because of racism in Honduras. He claimed that at several traffic stops, Honduran police officers searched him and other members of the Garifuna ethnic group while leaving others—who were not black—alone. Flores-Benedict testified that the police stopped and checked him six or seven times at these traffic stops. However, the police never arrested or detained him because he

always had his documents in order. Flores-Benedict also claimed that gang members robbed him once, but he never reported the robbery to police.

Flores-Benedict said that he was never incarcerated in Honduras. He also said that the police never harmed his family members who still live in Honduras. And to the best of his knowledge, his family members have not had issues with the Honduran police. At the time of his testimony before the IJ, Flores-Benedict's two-year-old daughter and her mother resided in the United States. According to Flores-Benedict, both his daughter and her mother entered the United States in March 2019, one month before the police officer threatened Flores-Benedict. In addition to his testimony, Flores-Benedict submitted articles that discussed the poor treatment of members of the Garifuna at the hands of the Honduran government, and gang violence in Honduras.

At the conclusion of the hearing, the IJ denied Flores-Benedict's application for asylum, withholding of removal, and relief under the CAT. In the IJ's oral decision, he found that while Flores-Benedict's testimony was credible, he failed to establish his persecution claim for three reasons. First, the police officer did not threaten Flores-Benedict based on his race or other protected grounds; rather, the police officer threatened him for witnessing a criminal act, which is not a protected ground. Second, the level of harm did not rise to the level of persecution because the police officer never assaulted or imprisoned Flores-Benedict. Third, Flores-Benedict never reported the police officer's threat, so the Honduran government never had the opportunity to investigate. The IJ also found that Flores-Benedict did not offer sufficient evidence to establish that he would be tortured upon his return to Honduras. The IJ ordered that Flores-Benedict be removed from the United States to Honduras based on the charges in the NTA.

Flores-Benedict timely appealed to the BIA. Through counsel, Flores-Benedict argued that the IJ's decision is insufficient for appellate review, the IJ failed to develop the record sufficiently,

and Flores-Benedict established that the police officer threatened him on account of a protected ground. Flores-Benedict included an affidavit with his brief, which expanded on the testimony that he gave before the IJ to show what facts the IJ could have discovered had he sufficiently developed the record. Flores-Benedict's affidavit contained several assertions: the police officer took out his baton as he threatened Flores-Benedict; the police officer threatened Flores-Benedict in an area where the bodies of victims murdered by gangs are found; the police officer told Flores-Benedict to "disappear"; and things in Honduras are worse now than when he left and he still fears returning to Honduras.

The BIA dismissed Flores-Benedict's appeal on September 8, 2020. The BIA rejected Flores-Benedict's argument that the IJ's decision is not sufficient for appellate review and found no clear error in the IJ's findings of fact. The BIA also rejected Flores-Benedict's argument that the IJ failed to develop the record sufficiently, finding that the IJ's questions addressed the relevant issues and noting that the IJ gave Flores-Benedict an opportunity to add further to his testimony at the end of his hearing. The BIA also "agree[d] with the Immigration Judge's determination that this harm did not rise to the level of persecution." Specifically, the BIA agreed that the police officer's threat was a single incident and that one threat from a police officer does not establish "that he suffered harm rising to the level of persecution." And regarding persecution based on a protected ground, the BIA found that there is not substantial evidence of mixed motivation, and that the IJ's conclusion "regarding the police officer's motivation is a permissible view of the evidence." The BIA also concluded that Flores-Benedict did not establish a well-founded fear of future persecution. While the IJ did not specifically address fear of future persecution, the BIA found that the legal framework, burden of proof, and entire decision established that the IJ properly determined that Flores-Benedict failed to establish fear of future of persecution. Finally, the BIA

found that the additional evidence in Flores-Benedict's affidavit, had it been in the record, would not have met his burden for asylum, withholding of removal, or relief under the CAT.

Flores-Benedict now seeks review of the BIA's decision, filing a timely petition for review on September 13, 2021. Then on September 21, 2021, Flores-Benedict filed an emergency motion for a stay of removal pending our review because he feared that he might be removed from the United States as early as September 22, 2021. Another panel denied Flores-Benedict's motion, and we now review Flores-Benedict's full petition on the merits.

## II.

We review the BIA's decision as a final agency determination. *Gaye v. Lynch*, 788 F.3d 519, 526 (6th Cir. 2015) (citation omitted). We also "review the IJ's opinion to the extent that the BIA adopts that opinion." *Id.* Flores-Benedict's petition presents three issues.

## A.

First, Flores-Benedict claims that the IJ failed to develop the record in violation of his right to due process. In rejecting Flores-Benedict's due process claim, the BIA concluded that the IJ asked detailed questions, addressed all relevant issues, and gave Flores-Benedict an opportunity to add to his testimony. We review the BIA's legal conclusions de novo. *Mendoza-Garcia v. Barr*, 918 F.3d 498, 507 (6th Cir. 2019).

Immigration judges have a "duty to help pro se parties develop the record." *Id.* at 505. And whether an administrative law judge failed to fully develop the record is determined "on a case by case basis." *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1052 (6th Cir. 1983).

Here, the IJ did not fail to develop the record. The IJ asked open-ended questions, asked follow-up questions, and allowed Flores-Benedict the opportunity to give full answers to all

questions. For example, after the IJ asked Flores-Benedict why he left Honduras, Flores-Benedict answered that a police officer threatened him across the street from the police station. The IJ asked several follow-up questions to obtain more information about the incident with the police officer. At the end of this line of questioning, the IJ asked if anything else had happened to Flores-Benedict, which gave Flores-Benedict the opportunity to testify about the racial profiling that he had suffered at traffic stops. Twice, the IJ gave Flores-Benedict an open-ended opportunity to add to his testimony. The IJ's conduct in the hearing establishes that he did not fail to develop the record in violation of Flores-Benedict's due process rights. *See K.E. v. Gonzales*, 233 F. App'x 442, 447 (6th Cir. 2007) (finding that the immigration judge did not fail to develop the record because the immigration judge "asked open-ended questions, permitted petitioner to answer those questions fully, and asked relevant follow-up questions").

On appeal, Flores-Benedict faults the IJ for failing to ask more specific questions about fear of future harm in Honduras, among other things. To be sure, an IJ who asks relevant questions can still deprive applicant of a full and fair hearing if the questions are of a "superficial quality." *Mendoza-Garcia*, 918 F.3d at 507 (quotation omitted). In *Mendoza-Garcia*, the IJ did not grant the applicant's request to add explanation to the threats that he faced in Guatemala. *Id.* at 507–08. Nor did the IJ follow up on an ambiguity regarding the different groups living in the applicant's village. *Id.* at 508. Even with the IJ's incomplete questioning, it was still a "close call" whether the IJ failed to develop the record. *Id.* Unlike in *Mendoza-Garcia*, it is not a close call here. The IJ's open-ended questions and relevant follow-up questions provided Flores-Benedict with several opportunities to add to his explanation and to provide further information. To require more from the IJ here would risk adopting a standard that would require immigration judges to assume the role of counsel for asylum applicants. *See Richardson v. Perales*, 402 U.S. 389, 410 (1971) (the

administrative law judge should not "act as counsel" for applicants). Therefore, the IJ did not deprive Flores-Benedict of a full and fair hearing in violation of his due process rights.

Even if the IJ failed to develop the record, Flores-Benedict must show prejudice to obtain relief on his due process claim. *See Graham v. Mukasey*, 519 F.3d 546, 549 (6th Cir. 2008). To establish prejudice, "he must show that the due process violations led to a substantially different outcome from that which would have occurred in the absence of those violations." *Id.* at 549–50. In other words, prejudice is established when the absence of the due process violation "would have changed the outcome of the case." *Garza-Moreno v. Gonzales*, 489 F.3d 239, 242 (6th Cir. 2007) (quotation omitted).

Here, Flores-Benedict failed to establish prejudice because a more developed record would not have changed the outcome. Flores-Benedict submitted an affidavit with additional facts to the BIA in his appeal of the IJ's decision. The affidavit expanded on Flores-Benedict's testimony before the IJ. After reviewing the affidavit, the BIA concluded that the additional facts, even if added to the record, would not have established his claims for relief. We agree with the BIA's finding. The additional facts in the affidavit, whether those be the police officer's carrying of a baton or Flores-Benedict's expressing his generalized fear to return to Honduras, would not have established a sufficient basis for his asylum or withholding of removal claims or changed the outcome of his case. Therefore, Flores-Benedict has not established prejudice and is not entitled to relief on his due process claim.

## B.

Flores-Benedict's second claim is that the BIA erred by applying an incorrect legal standard on his motion to remand, apparently for consideration of new evidence. But Flores-

Benedict's appeal to the BIA did not include a motion to remand for consideration of new evidence.

"This Court may review a final order for removal 'only if the alien has exhausted all administrative remedies available to the alien as a matter of right.'" *Tomaszczuk v. Whitaker*, 909 F.3d 159, 167 (6th Cir. 2018) (quoting 8 U.S.C. § 1252(d)). "Accordingly, this Court may review only those claims 'properly presented to the BIA and considered on their merits.'" *Id.* (quotation omitted). "Claims alleging errors related to the consideration of evidence . . . fall within the category of correctable procedural errors and are thus subject to the statutory exhaustion requirement." *Id.*

Flores-Benedict based his motion to remand on claims of insufficiency of the decision to permit meaningful appellate review, failure of the IJ to develop the record, and insufficiency of evidence. Nowhere in his notice of appeal or supporting brief to the BIA did he mention a motion to remand to consider new evidence. Indeed, Flores-Benedict included the affidavit in his brief to the BIA to support his claim that the IJ failed to adequately develop the record, not to present new evidence. Because Flores-Benedict did not file a motion to remand for consideration of new evidence, it was not properly presented to the BIA, and we do not have jurisdiction to review this claim.

Further, even if we treat the BIA as addressing Flores-Benedict's motion remand for consideration of new evidence, he still cannot prevail. The BIA grants such a motion only if the evidence the petitioner seeks to introduce is material and was previously unavailable. *Marqus v. Barr*, 968 F.3d 583, 592 (6th Cir. 2020). It applied that standard here. The BIA rejected his motion for remand because it concluded that even with the new evidence he offered, he still could not establish eligibility for relief from removal—in other words, because the evidence was not

material. Therefore, Flores-Benedict's claim that the BIA applied the wrong legal standard fails even if we reach it.

**C.**

Thirdly, Flores-Benedict argues that there is not substantial evidence to support the IJ's and BIA's findings that Flores-Benedict failed to establish claims for asylum and withholding of removal. The BIA agreed with the IJ that Flores-Benedict had not established that he suffered harm rising to the level of past persecution or that his ethnicity motivated the police officer. Likewise, the BIA agreed that Flores-Benedict had not established a well-founded fear of future harm based on his ethnic group, noting the absence of evidence in the record showing "a particularized threat to him."

Flores-Benedict challenges the BIA's findings regarding his asylum and withholding of removal claims on three grounds. First, Flores-Benedict argues that substantial evidence does not support the IJ's finding that he failed to establish harm rising to the level of past persecution. To establish a claim for asylum, the applicant must qualify as a refugee. *Ceraj v. Mukasey*, 511 F.3d 583, 592 (6th Cir. 2007). One way to do that is for the applicant to show that he "suffered past persecution." *Ouda v. I.N.S.*, 324 F.3d 445, 451 (6th Cir. 2003) (quoting 8 C.F.R. § 208.13(b)). We review the factual findings by the IJ and the BIA under the "substantial evidence" standard. *Zoarab v. Mukasey*, 524 F.3d 777, 780 (6th Cir. 2008) (quotation omitted). Under this deferential standard, we reverse "only if the evidence compels a different result." *Id.*

Harm rising to the level of persecution "requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Mikhailevitch v. I.N.S.*, 146 F.3d 384, 390 (6th Cir. 1998). Threats amount to persecution only in "exceptional cases." *Japarkulova v. Holder*, 615 F.3d 696,

701 (6th Cir. 2010); *see also Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone, however, constitute past persecution in only a small category of cases . . . .").

Here, the evidence does not compel a different result from what the IJ found. An isolated and unfulfilled threat by a police officer is not harm to Flores-Benedict that rises to the level of persecution. *See Mendez-Coronado v. Holder*, 374 F. App'x 601, 604 (6th Cir. 2010) ("[I]solated and unfulfilled threats do not constitute past persecution . . . ."). And multiple searches of Flores-Benedict by police at traffic stops are insufficient for a past persecution finding. *See Lamaj v. Mukasey*, 275 F. App'x 522, 528 (6th Cir. 2008) (finding that "short periods of detention" do not compel a finding of persecution).

Flores-Benedict argues that this evidence compels a different result when considered in "the context of racial violence," and that because the IJ failed to consider this context, a remand is required to determine whether the evidence shows "a pattern or practice of persecution against the Garifuna" sufficient for a finding of past persecution. But this argument fails to address the more fundamental defect of Flores-Benedict's claims: that he has failed to establish that the police officer's single and unfulfilled threat and the repeated traffic-stop searches constitute harm rising to the level of past persecution. Even if the IJ somehow considered "the context of racial violence" in the manner that Flores-Benedict desires, it would not establish the requisite harm that is absent in his claims. Therefore, substantial evidence supports the IJ's finding that Flores-Benedict failed to establish harm rising to the level of past persecution.

For his second ground, Flores-Benedict argues that the IJ and the BIA committed legal error by failing to apply a mixed-motives analysis to determine whether the police officer who threatened him was motivated by a protected ground. But we do not need to determine whether there is error that requires a remand because Flores-Benedict has failed to establish evidence that

meets the standard for persecution. *See Agu v. Barr*, 812 F. App'x 324, 328 (6th Cir. 2020) (declining to determine whether there was a nexus to a protected ground because petitioner failed to establish harm sufficient to meet the standard of persecution).

For his third ground, Flores-Benedict claims that the BIA made impermissible factual findings by predicting the absence of future harm. But the BIA made no such findings. The BIA correctly noted that because Flores-Benedict did not suffer past persecution, he has the burden to establish a well-founded fear of persecution. *See Mikhailevitch*, 146 F.3d at 390 (finding that there is no presumption of a well-founded fear if petitioner failed to establish past persecution). After reviewing the record, the IJ's decision, and Flores-Benedict's brief, the BIA concluded that Flores-Benedict has not met his burden of demonstrating a well-founded fear of persecution and articulated the reasons for its conclusions. There is sufficient evidence for these findings, and the record does not compel a different outcome.

Finally, Flores-Benedict's claim for withholding of removal must fail. Because Flores-Benedict failed to establish his asylum claim, he cannot meet the more rigorous standards required to establish his withholding of removal claim. *See Bah v. Gonzales*, 462 F.3d 637, 643 (6th Cir. 2006).

## III.

For these reasons, we deny the petition for review.